FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES DICKEY | ) | CIVIL ACTION NO. |
|     Plaintiff | ) |  |
|  | ) |  |
|     v. | ) |  |
|  | ) |  |
| CITY OF BOSTON, through the | ) |  |
|     INSPECTIONAL SERVICE | ) |  |
|     DEPARTMENT, | ) |  |
|     Defendant | ) |  |
|  | ) |  |
| EDWARD COBURN, individually and | ) |  |
|     in his official capacity as lawyer | ) |  |
|     for the City of Boston | ) |  |
|  | ) |  |
| JAMES COTTER III, individually and | ) |  |
|     in his official capacity as receiver | ) |  |
|     for the Boston Housing Court | ) |  |
|  | ) |  |
| MARYLOU MUIRHEAD, individually | ) |  |
|     and in her official capacity as | ) |  |
|     judge for the Boston Housing Court | ) |  |
|  | ) |  |
| JEFFERY WINIK, individually and in | ) |  |
|     his official capacity as judge for | ) |  |
|     the Boston Housing Court | ) |  |
|  | ) |  |
| MARTIN WALSH, individually and | ) |  |
|     in his official capacity as mayor | ) |  |
|     of the City of Boston | ) |  |
|  | ) |  |
| WILLIAM CHRISTOPHER, | ) |  |
|     individually and  in his official | ) |  |
|     capacity as commissioner of | ) |  |
|     Inspectional Service Department | ) |  |
|     of  the City of Boston | ) |  |
|  | ) |  |

U.S. BANK TRUST N.A., individually  )
    and as Trustee for LSF9 Master  )
    Participation Trust  )
          )
CALIBER HOME LOANS INC.  )
          )
STEVEN AMARAL,  )
          )
KATIE AMARAL,  )
          )
JOSH FETTERMAN,  )
          )
FRED STARIKOV,  )
          )
ANDREW SIMPSON,  )
          )
    Defendants  )
          )

FILED
IN CLERKS OFFICE

2 FEB 1 CO 2 14

## VERIFIED COMPLAINT

### INTRODUCTION

1.  This suit challenges the constitutionality of Massachusetts General Laws chapter 111,
    § 127I (the "Receivership Statute") and seeks preliminary and permanent injunctive
    relief barring it's enforcement. The receivership statute allows a municipality to
    petition a Court for the appointment of a Receiver to make repairs to a tenant
    occupied building. But, the receivership statute does not provide for notice of the
    pending petition to be posted at the premises that is the subject of the petition for
    receivership; the receivership statute itself fails to ensure that property owners will
    receive due process and, is thus, unconstitutional. The lack of service by not posting
    the subject premise is in violation of 42 U.S.C. 1983, furthermore the notice
    procedures employed by the City violates the Fifth Amendment and the Due Process
    Clause of the Fourteenth Amendment of the U.S. Constitution.

2.  This suit seeks compensation from Defendants James Cotter ("Cotter"), Steven
    Amaral, Katie Amaral, Andrew Simpson, Josh Fetterman, Fred Starikov, U.S. Bank
    Trust N.A ("U.S. Bank") and Caliber Home Loans Inc. ("Caliber") for property
    damage due to deliberate negligence and destruction that occurred from May 29,
    2012 to date, when receiver James Cotter seized 495 East Fourth Street, South
    Boston, Massachusetts and 497 East Fourth Street, South Boston, Massachusetts.

3.  The Plaintiff further seeks declaratory and injunctive relief and monetary damages as
    restitution as well as treble damages to the Plaintiff for the Defendants Edward
    Coburn, James Cotter, Jeffery Winik, Marylou Muirhead, Martin Walsh, Caliber
    Home Loans Inc., U.S. Bank Trust N.A. and William Christopher's violation as
    alleged herein pursuant to 18 U.S.C. § 1964(c). This is a claim for which relief can
    be granted pursuant to Title IX of the Organized Crime Control Act of 1970, Public
    Law 91-452, 84 Stat. 922, commonly known and referred to as RICO, codified at 18
    U.S.C. § 1961, et. Seq., and in particular for violations of 18 U.S.C. § 1962. This
    claim asserts violations of the Racketeer Influenced and Corrupt Organizations Act
    ("RICO"), 18 U.S.C. § 1961-1968, the Hobbs Act, 18 U.S.C. § 1951, and Mail Fraud,
    18 U.S.C. § 1341.

4.  During the relevant times, the Defendants Edward Coburn, Marylou Muirhead,
    Jeffrey Winik, Martin Walsh, William Christopher, Caliber, U.S. Bank and James
    Cotter conspired to extort real property from the Plaintiff and other property owners
    in the City of Boston, (please note Martin Walsh and William Christopher joined the
    conspiracy on or about May 2014, Caliber and U.S. Bank joined the conspiracy on or
    about January 2015); the Defendants would place a building into receivership with

the intention selling the targeted building to an associate at a reduced price.

5.  The Plaintiff hereby reserves all rights to file further appropriate amendments to add additional parties and causes of action.

## PARTIES

6.  Plaintiff James Dickey, is the owner of one the Properties at issue in this matter, a three family dwellings located at 497 East Fourth Street in South Boston, (the "Property") Massachusetts; and was, (but is no longer), owner of record of the second property at issue, being a three family dwelling located at 495 East Fourth in South Boston, (together, the "Properties").

7.  Defendant, City of Boston ("City"), through the Inspectional Services Department, is a duly organized and existing municipal corporation under the laws of the Commonwealth of Massachusetts, charged with the enforcement of the State Sanitary and Building Codes pursuant to M.G.L. c. 111, § 127, *et seq* and M.G.L. c. 143, § 3 *et seq*.

8.  Defendant, Edward Coburn, is an attorney for Inspectional Services Department of the City of Boston, who is believed to reside in West Roxbury, Massachusetts.

9.  Defendant, James Cotter III, is an attorney who the Boston Housing Court has appointed as receiver for the Properties, who is believed to reside in Quincy, Massachusetts.

10. Defendant, Marylou Muirhead, is a judge at the Boston Housing Court, who is believed to reside in the Wellesley, Massachusetts.

11. Defendant, Judge Jeffery Winik, is a judge at the Boston Housing Court, who is believed to reside in Newton, Massachusetts.

4

12. Defendant, Martin Walsh, is the mayor of the City of Boston, who is believed to reside in Dorchester, Massachusetts.

13. Defendant, William Christopher, is the commissioner of the Inspectional Service Department of the City of Boston, who is believed to reside in Dorchester, Massachusetts.

14. Defendant, Steve Amaral, is a co-owner of MassJunk.com, who is believed to reside in Medford, Massachusetts.

15. Defendant, Katie Amaral, is a co-owner of MassJunk.com, who is believed to reside in Medford, Massachusetts.

16. U.S. Bank Trust N.A. is a national banking association organized and existing under the laws of the United States, with principal executive offices located in Delaware.

17. U.S. Bank Trust N.A., as trustee for LSF9 Master Participation Trust, is trustee of a trust with principle executive offices located in Oklahoma.

18. Caliber Home Loans Inc, is a corporation organized and existing under the laws of the United States, with principal executive offices located in Texas.

19. Defendant, Josh Fetterman, is a contractor who works for City Realty Group, LLC, and who is believed to reside in Newton, Massachusetts.

20. Defendant, Fred Starikov, is a co-owner of City Realty Group, LLC, and who is believed to reside in Brighton, Massachusetts.

21. Defendant, Andrew Simpson, is the owner of Lead Safe Homes LLP and works for/with City Realty Group, and who is believed to reside in Mattapan, Massachusetts.

## JURISDICTION

22. Federal subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this action challenges the constitutionality of certain provisions of the laws of the Commonwealth of Massachusetts under the United States Constitution.

23. Federal subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1343(a)(3)-(4) because this action seeks to redress the deprivation, under color of state statute, of rights secured by the United States Constitution pursuant to 42 U.S.C. § 1983 and to secure equitable and other relief under an act of Congress for the protection of civil rights.

24. Federal subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 because this action seeks declarations of Plaintiff's and Defendants' rights and legal relations.

25. Federal subject matter jurisdiction is proper in this Court pursuant to Title 18 of the United States Code § 1961 through 1968, 18 U.C.S. §1951 and 18 U.C.S. §1341.

## VENUE

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as all of the events or omissions giving rise to these claims arose within this division. The venue is proper in this district pursuant to 18 U.C.S. § 1965(a), since the Defendants transacts affairs and resides in this district.

## RELEVENT TIMES

27. The relevant times to this Complaint are from on or about May, 2012 through and continuing to the filing of this claim

## .FACTUAL BACKGROUND

## RECEIVERSHIP STATUTE

## Violation of Civil Rights Act (42 U.S.C. § 1983)

**199-201 Athens**

28. On April 3, 2000, the City issued a vacate order for 199-201 Athens Street, South
    Boston, Massachusetts, owned by Jadwiga Rockalska.

29. On January 16, 2002, the city filed a petition, pursuant to the Receivership Statute, in
    the Boston Housing Court for the appointment of a receiver for 199-201 Athens
    Street. Following several unsuccessful attempts to personally serve Rochalska with
    the petition, the city's motion for service by publication was allowed, and on March
    19, 2002, the petition was granted ex-parte and Jonathan Kaye was appointed
    receiver.

30. After Jonathan Kaye began gutting the building located at 199-201 Athens Street, a
    friend of Rochalska informed her of the receivership. On April 5, 2002, Rochalska,
    through an attorney, filed a motion supported by affidavits to stay the receivership
    claiming that she was never served with notice of the proceedings.

31. Upon information and belief, the City never posted a notice of the pending petition
    for receivership on the vacant property located at 199-201 Athens Street, as the
    Receivership Statute does not require that notice of the petition for receivership be
    posted on the subject property.

**20 Claybourne Street**

32. On August 27, 2003, the City issued a vacate order for 20 Claybourne Street,
    Dorchester, Massachusetts ("20 Claybourne Street"). On October 8, 2003, the City

sent a request to the Massachusetts Attorney General Office to place 20 Claybourne
Street into receivership.

33. Sometime in 2004, the Massachusetts Attorney General Office filed a petition for
receivership, pursuant to the Receivership Statute, with the Boston Housing Court for
the unoccupied building at 20 Claybourne Street. Notice was provided by
publication, (as the property was vacant), the petition was granted ex-parte and
Jonathan Kaye was appointed receiver.

34. Upon information and belief, the City never posted a notice of the pending petition
for receivership on the vacant property located at 20 Claybourne Street, as the
Receivership Statute does not require that notice of the petition for receivership be
posted on the subject property.

**12 Sutton Street**

35. Sometime prior to September, 2008 the City issues a vacate order for 12 Sutton
Street, Mattapan, Massachusetts ("12 Sutton Street"). On September 12, 2008, the
Boston Housing Court allowed the City's motion for service by publication, and
subsequently allowed a petition for receivership, pursuant to the Receivership Statute,
on or about October 29, 2008.

36. Upon information or belief, the City never posted a notice of the pending petition for
receivership on the vacant property located at 12 Sutton Street, Mattapan,
Massachusetts, as the Receivership Statute does not require that notice of the petition
for receivership be posted on the subject property.

**495-497 East Fourth Street**

37. On May 27, 2008, the City issued a vacate order for 495 and 497 East Fourth Street, South Boston, Massachusetts (the "Properties").

38. On May 9, 2012, the City's attorney Defendant Edward Coburn sent an email to Plaintiff James Dickey, asking for access to the Properties to inspect said Properties, but never mentioned the petition for receivership. On May 9, 2012, the City submitted a petition for receivership, pursuant to the Receivership Statute, to the Boston Housing Court, which was subsequently granted ex-parte. Service was attempted by delivering notice of the petition for receivership to James Dickey's sister, who never informed him of signing for a package on his behalf.

39. On June 20, 2012, a hearing occurred at the Boston Housing Court were the ~~Counter-~~ Plaintiff ~~Claiman~~ts asked the Court to either dismiss the receivership petition due to insufficient service, or in the alternative stay the receivership until a hearing on the merits of the petition for receivership could occur; Judge Muirhead denied this motion.

40. Notice of the petition for receivership was never posted at the Properties, (which were vacant at the time), as the Receivership Statute does not require that notice of the petition for receivership be posted on the subject property; ironically, the City did posted an administrative search warrant on the Properties on or about May 12, 2012.

## PROPERTY DAMAGE DUE TO INTENTIONAL
## NEGLIGENCE AND DESTRUCTION

41. On May 29, 2012, Defendant James Cotter seized the Properties, and has refused the
    Plaintiff access to the Properties.  On or about June 2014, Cotter hired Steven and
    Katie Amaral to strip 497 East Fourth Street of copper piping, appliances, bath tubs
    and doors, causing an estimated damage of excess of $100,000.00.  Again, on or
    about May 2015, Cotter hired Andrew Simpson, Josh Fetterman, (both who are
    employed and/or associated with Fred Starikov, who has apparently developed a
    business relationship with Cotter in order to obtain construction contracts in which he
    can overbill for his work), to strip the roof off the Property for the purpose of leaving
    the building open and exposed to the elements.  The roof at the Property was removed
    on or about August 2015, a new roof was not installed until December 2015, (for a
    duration of about five months the Property received significant water damage,
    estimated in excess of $200,000.00.

42. On or about July 2015, U.S. Bank, (Trustee of LSF9 Master Participation Trust, who
    has a mortgage on the Property) and Caliber Home Loans Inc., entered into an
    agreement with Cotter in that LSF9 Master Participation Trust would finance the
    removal of the roof at the Property, (for the purpose of causing significate damage to
    the Property), in return Cotter was to present a motion to the Boston Housing Court
    indicating that he has finished "repairing" the Property, and ask the Court for
    permission to foreclose on the Property for payment of his receiver's fees.  U.S.
    Bank and Caliber were then planning to purchase the Property at the receiver's
    foreclosure sale at a substantial discount, as agreed upon, (as the Property is in

receivership, no one can obtain bank financing of the Property because the Receivership Statute allows the receiver a first place position lien on the subject property). U.S. Bank would then pay Cotter's receiver fee of about $40,000.00; the receivership case would then be promptly dismissed, allowing U.S. Bank/Caliber to subsequently sell the Property free and clear of all liens, for an estimated gain of about $600,000.00.

## RICO

43. During the relevant times, the defendants Edward Coburn, Marylou Muirhead, James Cotter, Jeffery Winik, Martin Walsh, William Christopher, (Martin Walsh and William Christopher joined the conspiracy on or about May 2014), U.S. Bank and Caliber, (U.S. Bank and Caliber joined the conspiracy on or about January 2015), conspired to extort real property from the Plaintiff and other property owners in the City of Boston. The City would first find a building uninhabitable and issue a vacate order, pursuant to CMR 410.831 of the Massachusetts Sanitary Code. Edward Coburn, (with the consent of Martin Walsh and William Christopher), would then submit a petition to the Boston Housing Court, pursuant to the Receivership Statute, requesting that the building be placed into receivership.

44. To ensure that the owners of the building were unaware of the pending petition for receivership, the City would declare that the City was unable to locate the owner of the now vacant building and would then submit a motion to the Court requesting that notice be provided by publication; Judge Muirhead or Judge Winik would subsequently approve the petition for receivership ex-parte.

45. Upon seeing the receiver's activity at the subject building, (being that the receiver would place a padlock on the building), the property owner, now aware of the receivership, immediately submits a motion to the Boston Housing Court requesting that the receivership be dismiss due to lack of notice, which is subsequently be denied by Judge Muirhead or Judge Winik.

46. Upon appointment as receiver for the subject property, James Cotter submits a *Receiver's Motion for Final Judgment, for Order Enjoining Nuisance and for Authorization to Sell Property*, stating that there are no funds to repair the building and asks the Court for authorization to sell the offending property; the motion is subsequently approved by Judge Muirhead, (or Judge Winik). In the Receiver's motion, Cotter estimates what **he** thinks is the dollar amount to rehab the building, which Judge Muirhead (or Judge Winik) in her *Final Judgment and Order* require be deposited to the Court within fourteen days. If the funds are not deposited within the fourteen days, receiver Cotter is then allowed to sell the subject property.

47. Upon authorization to sell the subject property, receiver James Cotter sells the property to an associate at a reduced rate; and is further compensated in the amount of about $20,000.00 for this transaction, as his agreed upon hourly rate is $350.00. Cotter never repairs the building, as required by the Receivership Statute, but instead sells the subject building to an associate at a substantial discount.

**12 Sutton Street scheme**

48. On or before October 29, 2008 the above scheme was put into operation as a petition for receivership, submitted to the Boston Housing Court by Edward Coburn, was granted ex-parte by Judge Muirhead and James Cotter was appointed receiver for the

building located at 12 Sutton Street, Mattapan, Massachusetts ("12 Sutton Street"). Upon appointment, James Cotter submitted a *Receivers Motion for Final Judgment, for Order Enjoining Nuisance and for Authorization to Sell Property*, which was allowed by Judge Muirhead on March 6, 2009. The *Final Judgment and Order* required the property owner to deposit $300,000.00 to the Court within 14 days, the Order further stated if the property owner failed to deposit the required funds, "the Receiver is authorized, after public marketing, to sell ... the Property".

49. Upon default, receiver James Cotter placed the subject property on the "public market" on March 24, 2009, requiring that offers were due by March 31, 2009. On April 3, 2009, James Cotter submitted a motion to the Boston Housing Court, asking for authorization to accept an offer of $115,000.00 from Vu Cuong for 12 Sutton Street, this motion was approved by Judge Muirhead; a deed was subsequently executed on April 27, 2009. Receiver James Cotter received his agreed $350.00 per hour compensation in the amount of $14,000.00 from the sale of 12 Sutton Street, without ever repairing the subject property.

50. The buyer of 12 Sutton Street, Vu Cuong, is well known to receiver James Cotter as he has also work with the Boston Housing Court's other receiver, Jonathan Kaye. Receiver Kaye hired Vu Cuong as a contractor for two properties that the Boston Housing Court was considering to appoint Jonathan Kaye as receiver. One of these properties was 20 Claybourne Street, Dorchester, and the other being 36 Savin Street, Roxbury, Massachusetts. (Please note that 36 Savin Street is the house that was **never** mentioned in the Rochalska case, and if known, would of greatly affected the

outcome of that case, as Kaye relayed to the Rochalska court, under oath, that he had no other "projects" occurring while he was repairing the Rochalska house.)

51. Furthermore, receiver James Cotter sold Vu Chong and his family at least four building that were into his care, the above mentioned 12 Sutton Street and the following:  on December 20, 2002 receiver James Cotter sold the property at 383-385 Blue Hill Avenue to Minh Hoang Vu for $155,000.00; on December 23, 2004, receiver James Cotter sold the property at 37 Regent Street to Quang Vu for $290,000.00;  and on January 25, 2001, receiver James Cotter sold the property at 69 Highland Street to Vu Cuong for $125,000.00; as each of these buyers are members of the Vu family who reside at 320-340 Adams Street, Quincy, and have an office at 153 Pleasant Street, Dorchester.

**24 Seaver Street scheme**

52. On or before December, 2010 the above scheme was again put into operation as a petition for receivership, submitted to the Boston Housing Court by Edward Coburn, was granted by Judge Winik and James Cotter was appointed receiver for the building located at 24 Seaver Street, Dorchester, Massachusetts ("24 Seaver Street").  Upon appointment, James Cotter submitted a *Receivers Motion for Final Judgment, for Order Enjoining Nuisance and for Authorization to Sell Property*, which was allowed by Judge Winik on March 29, 2011.  The *Final Judgment and Order* required the property owner to deposit $577,200.00 to the Court within 14 days, the Order further stated if the property owner failed to deposit the required funds, "the Receiver is authorized, to sell" the subject property.  On March 29, 2011, receiver James Cotter submitted a motion to the Boston Housing Court, asking for authorization to accept

an offer of $525,000.00 from Trinity Green LLC for 24 Seaver Street, the motion was approved by Judge Winik; a deed was subsequently executed on May 19, 2011. Again, receiver James Cotter received his agreed compensation of $350.00 per hour in the amount of $20,825.00 from the sale of 24 Seaver Street, without ever repairing the subject property.

**70 Bowdoin Street scheme**

53. On or before November, 2011 the above scheme was again put into operation as a petition for receivership, (pursuant to the Statute), submitted to the Boston Housing Court by Edward Coburn, was granted by Judge Muirhead and James Cotter was appointed receiver for the building located at 70 Bowdoin Street, Dorchester, Massachusetts ("70 Bowdoin Street").  Upon appointment, Cotter submitted a *Motion for Authorization to List Property for Sale*, which was allowed on August 27, 2012.  On February 20, 2013, James Cotter submitted a *Motion to Accept Offer to Purchase Receivership Property,* which was approved by Judge Muirhead.  On March 27, 2013, receiver James Cotter again submitted a motion to the Boston Housing Court, asking for authorization to accept an offer of $145,000.00 from Trinity Green LLC for 70 Bowdoin Street, the motion was approved by Judge Winik; a deed was subsequently executed on May 13, 2013. The Order issued by Judge Winik approving the sale of 70 Bowdoin Street states that "the Receiver is authorized, to sell" the subject property. This Order was mailed to the owner of the subject building via U.S. Mail on or about April 12, 2013, and contains the false statement that the Boston Housing Court has the authority to sell the subject property.  Cotter subsequently submited to the Court a

motion asking approval of his agreed compensation of $350.00, which was approved.

## 115 Bowdoin Street scheme

54. On or before June, 2012, the above scheme was again put into operation as a petition for receivership, (pursuant to the Statute), submitted to the Boston Housing Court by Edward Coburn, was granted and James Cotter was appointed receiver for the building located at 115 Bowdoin Street, Dorchester, Massachusetts ("115 Bowdoin Street"). Upon appointment, James Cotter submitted a *Motion for Authorization to List Property for Sale*, and subsequently submitted a Motion asking for authorization to accept an offer of $266,000.00 from Thuy Pham for 115 Bowdoin Street, the motion was approved by Judge Muirhead; a deed was subsequently executed on February 28, 2013. The Order issued by Judge Muirhead approving the sale of 115 Bowdoin Street states that "the Receiver is authorized, to sell" the subject property. This Order was mailed to the owner of the subject building via U.S. Mail on or about December 14, 2012, and contains the false statement that the Boston Housing Court has the authority to sell the subject property. Again, receiver James Cotter received his agreed compensation of $350.00 per hour in the amount of $11,130.00 from the proceeds of the sale of 115 Bowdoin Street, without ever repairing the subject property.

## 9 Everett Street Scheme

55. On or before January 23, 2015 the above scheme was again put into operation as a petition for receivership, (pursuant to the Receivership Statute), submitted to the Boston Housing Court by Edward Coburn, (with Martin Walsh's and William

16

Christopher's consent), was granted by Judge Muirhead;  James Cotter was appointed receiver for the building located at 9 Everett Street, Dorchester, Massachusetts ("9 Everett Street").  Upon appointment, Cotter submitted a *Motion for Authorization to List Property for Sale*, which was allowed on August 28, 2015.  On November 12, 2015, James Cotter submitted a *Motion to Accept Offer to Purchase Receivership* Property;  as of March 30, 2016 a deed has yet to executed by Cotter.   The Order issued by Judge Muirhead allowing Cotter to list the property for sale was mailed to the parties involved in the case via U.S. Mail on or about August 28, 2015, and contains the false statement that the Boston Housing Court has the authority to sell the subject property.  Cotter has yet to submit to the court a motion asking approval of his compensation of $350.00 per hour, but will do so as it has been agreed upon.

## 11 Everett Street Scheme

56. On or before May 22, 2015 the above scheme was again put into operation as a petition for receivership, (pursuant to the Receivership Statute), submitted to the Boston Housing Court by Edward Coburn, (with Martin Walsh's and William Christopher's consent), was granted by Judge Muirhead;  James Cotter was appointed receiver for the building located at 11 Everett Street, Dorchester, Massachusetts ("11 Everett Street").  Upon appointment, Cotter submitted a *Motion for Authorization to List Property for Sale*, which was allowed on August 28, 2015.  On November 12, 2015, James Cotter submitted a *Motion to Accept Offer to Purchase Receivership* Property;  on deed was subsequently executed by Cotter on March 30, 2016 for $270,000.00.   The Order issued by Judge Muirhead

allowing Cotter to list the property for sale was mailed to the parties involved in the case via U.S. Mail on or about August 28, 2015, and contains the false statement that the Boston Housing Court has the authority to sell the subject property. Cotter has yet to submit to the court a motion asking approval of his compensation of $350.00 per hour, but will do so as it has been agreed upon.

**495-497 East Fourth Street scheme**

57. On or before May 12, 2012 the above scheme was again put into operation as a petition for receivership, submitted to the Boston Housing Court by Edward Coburn, was granted ex-parte by Judge Muirhead and James Cotter was appointed receiver for the buildings located at 495-497 East Fourth Street, South Boston, Massachusetts ("the Properties"); on May 29, 2012, James Cotter seized the Properties and placed padlocks on all doors. (The receivership for the Properties has continued with the consent of both Martin Walsh and William Christopher.) As of March 30, 2016, James Cotter has yet to do any repairs to the Properties, (beyond placing a new roof on the Property), the amount currently due on Cotter's receiver fee is estimated over $40,000.00, and the damages inflicted to the Properties by Cotter during the duration of the receivership is in excess of $300,000.00); the allegations contained in this Claim has resulted in a four year stand-off.

58. As previously mentioned, on or about July 2015, U.S. Bank, (Trustee of LSF9 Master Participation Trust, who has a mortgage on the Property) and Caliber Home Loans Inc., entered into an agreement with Cotter in that LSF9 Master Participation Trust would finance the removal of the roof at the Property, (for the purpose of causing significate damage to the Property), in return Cotter was to present a motion to the

Boston Housing Court indicating that he has completed "repairing" the Property, and ask to foreclose on the Property for payment of his receiver's fees. U.S. Bank and Caliber were then planning to purchase the Property at the receiver's foreclosure sale at a substantial discount, as agreed upon, (as the Property is in receivership no bank will finance the purchase of the Property because the Receivership Statute allows the receiver a first place position lien on the subject property). U.S. Bank would then pay Cotter's receiver fee of about $40,000.00; the receivership case would be promptly dismissed, allowing U.S. Bank to subsequently sell the Property free and clear of all liens, for an estimated gain of about $600,000.00. On or about January 19, 2016 Cotter served each party involved in the receivership case, (via U.S. Mail), a motion asking to foreclose on the Property, claiming his job is done here; this motion has yet to be acted on by Judge Muirhead.

## COUNTS

### COUNT ONE

### Receivership Statute

### Violation of Civil Rights Act (42 U.S.C. § 1983)

### (as for defendants City of Boston, Edward Coburn, James Cotter, Marylou Muirhead, Jeffrey Winik, Martin Walsh, William Christopher)

59. Plaintiff incorporate by reference each preceding paragraph of the Complaint as if fully restated herein and further allege as follows:

60. Defendants are persons who, under color of statute, ordinance, regulation, custom, or usage, of the Commonwealth of Massachusetts are subjecting, or causing to be

subjected, Plaintiff the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

61. Defendants' conduct violates 42 U.S.C. § 1983.  The City first finds a building in violation of the State Sanitary Code, and issues a vacate order by way of condemning the building pursuant to 410.830. This process disturbs the "last and usual" of an owner occupant.  The City then petitions the Boston Housing Court for receivership of the subject property, but as the building is now vacant, the City seeks notice by publication since the whereabouts of the owner is unknown.  The City never posts the pending petition for receivership on the subject property, as M.G.L. c.111, § 127I, (the "Receivership Statute"), does not require notice be also provided by posting the subject property.  The City has placed numerous building into receivership by serving service by publication, pursuant to Mass. R. Civ. P. 4(d)(1), just a few of these cases are City of Boston v. Rochalska, City of Boston v. Stephen Powell, City of Boston v. Ann Brown.

62. The lack of service by not posting the subject premise is in violation of 42 U.S.C. 1983 and the notice procedures employed by the plaintiff violates the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice Plaintiff reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 339 U.S. 314.

63. Furthermore, the Receivership Statue does not apply to vacant buildings, as the statue states that a receiver shall be appointed only if "the court determines that such appointment is in the best interest of occupants residing in the property", *M.G.L. c.111, § 127I;* if the property is not tenant occupied then the court entertaining the petition is barred from appointing a receiver as the Receivership Statue further states that the receiver's "rights, duties and powers shall be specified by the court in accordance with the provisions of this section". *Id.*

64. Without relief from this Court, the Defendants, acting under color of statute, ordinance, regulation, custom, or usage, of the Commonwealth of Massachusetts, and will continue to subject, or cause to be subjected, Plaintiff and other property owners to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

**COUNT TWO**

**Declaratory Relief (22 U.S.C. § 2201)**

**(as for defendants City of Boston, Edward Coburn, James Cotter, Marylou Muirhead, Jeffrey Winik, Martin Walsh, William Christopher)**

65. Plaintiff  incorporate by reference each preceding paragraph of the Complaint as if fully restated herein and further allege as follows:

66. A defined and concrete controversy of a justifiable nature exists between Plaintiff and Defendants concerning the constitutionality of the challenged Massachusetts laws in that Plaintiffs claim that the challenged Massachusetts laws violate the due process requirements of the Fifth and Fourteenth Amendment of the

United States Constitution, whereas Defendants maintain that the challenged

Massachusetts laws are valid and enforceable.

67. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court

should determine Plaintiff and Defendants' rights and legal relations and declare that

the challenged Massachusetts law, (M.G.L. c.111, § 127I), violate the due process

requirements of the Fifth and Fourteenth Amendment of the United States

Constitution and therefore is invalid and unenforceable, and furthermore that the

Receivership Statute is not applicable to vacant properties.

## COUNT THREE

**Equitable and Ancillary Relief (28 U.S.C. § 2202)**

**(as for defendants City of Boston, Edward Coburn, James Cotter, Marylou Muirhead, Jeffrey Winik, Martin Walsh, William Christopher)**

68. Plaintiff incorporate by reference each preceding paragraph of the Complaint as if

fully restated herein and further allege as follows:

69. Plaintiff, as a consequence of the unconstitutionality of the challenged

Massachusetts law, (M.G.L. c.111, § 127I), and the violation of their constitutional

rights, are entitled to equitable and ancillary relief including preliminary and

permanent injunctive relief.

70. Preliminary injunctive relief is justified because:

    a. Plaintiff is likely to succeed on the merits;

    b. Plaintiff is likely to suffer irreparable harm if the injunction is denied

       because enforcement of the challenged Massachusetts law is a continuing

       violation of Plaintiff's constitutional rights;

    c. The continuing harm inflicted upon Plaintiff by the challenged

Massachusetts laws outweighs any imposition, hardship, or harm that would stem from enjoining their enforcement; and

d. Enjoining the challenged Massachusetts law serves the public interest.

71. Permanent injunctive relief is justified because Plaintiff has no adequate remedy at law to protect them from the continuing threat of enforcement of the challenged Massachusetts, (M.G.L. c.111, § 127I), and the chilling effect these laws have upon the exercise of Plaintiff's constitutional rights. Indeed, any other remedy this Court may award would be attended with such uncertainties as to deny substantial relief, involve a multiplicity of suits, and cause further irreparable injury to Plaintiff. Further, permanent injunctive relief is justified because:

a. Plaintiff will prevail on the merits;

b. Plaintiff will suffer irreparable injury in the absence of injunctive relief because enforcement of the challenged Massachusetts laws is a continuing violation of Plaintiff's constitutional rights;

c. The continuing harm inflicted upon Plaintiff by the challenged Massachusetts law outweighs any imposition, hardship, or harm that will stem from enjoining their enforcement; and

d. Enjoining the challenged Massachusetts law serves the public interest.

72. Pursuant to 28 U.S.C. § 2202, this Court should grant Plaintiff's preliminary and permanent injunctive relief enjoining Defendants, their agents, servants, and employees and all other persons acting on behalf of, through the authority of, or in

concert with them from enforcing the challenged Massachusetts law, (M.G.L. c.111,

§ 127I).

## COUNT FOUR

**Intentional Negligence and Destruction**

**(as for James Cotter, Steven Amaral, Katie Amaral, Fred Starikov, Andrew
Simpson, Josh Fetterman, U.S. Bank and Caliber)**

73. Plaintiff  incorporate by reference each preceding paragraph of the  Complaint as if

fully restated herein and further allege as follows:

74. On May 29, 2012, the Defendant James Cotter seized the Properties;  with the

assistance of each of the above mentioned Defendants, Cotter through deliberate

negligence and destruction, has been able to inflict damages to the Properties in

excess of $300,000.00.

## COUNT FIVE

**Violation of RICO 18 U.S.C. § 1962(c)**

**(as for defendants  Edward Coburn, James Cotter, Marylou Muirhead, Jeffrey
Winik, Martin Walsh, William Christopher, U.S. Bank and Caliber)**

75. Plaintiff incorporate by reference each preceding paragraph of the Complaint as if

fully restated herein and further allege as follows:

76. This claim is for relief pursuant to Title IX of the Organized Crime Control Act of

1970, Public Law 91-452, 84 Stat. 922, commonly known and referred to as RICO,

codified at 18 U.S.C. § 1961, et. Seq., and in particular for violations of 18 U.S.C. §

1962. The Plaintiff also seeks declaratory and injunctive relief and monetary damages

as restitution as well as treble damages to the Plaintiff  for the Defendants' violation

as alleged herein pursuant to 18 U.S.C. § 1964(c).

77. This claim asserts violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968, the Hobbs Act, 18 U.S.C. § 1951, and Mail Fraud, 18 U.S.C. § 1341. The Plaintiff hereby reserves all rights to file further appropriate amendments to add additional parties and causes of action.

78. The Defendants are a "person" within the meaning of 18 U.C.S. § 1961(3) and 1964(c).

79. The Boston Housing Court is an "enterprise" within the meaning of 18 U.C.S. § 1961(4) and § 1962(c), which was engaged in and the activities of which affected interstate commerce during the relevant times.

80. The Defendants Edward Coburn, James Cotter, Marylou Muirhead, Martin Walsh, William Christoper, Jeffery Winik, U.S. Bank and Caliber are employed by or associated with an enterprise, that is, the Boston Housing Court, and did conduct or participate, directly or indirectly, in the conduct of the affairs of the Boston Housing Court through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(b) and 1961(5) and 1962(c), to wit:

    (a). Multiple instances of extortion/attempted extortion under color of official right in violation of 18 U.S.C. § 1951. The Defendants extort/attempted to extort property from their owners by having an associate "purchase" the property at a reduced rate, with the understanding that receiver James Cotter's receiver hourly compensation would be $350.00, which would exceed $15,000.00 per scheme.

    (b). Multiple instances of mail fraud in violation of 18 U.S.C. § 1341. The Defendants and associates utilized the United States Post Office to mail documents with false or misleading information with the intent to extort property

from their owners by "purchasing" the targeted property at a reduced rate. An example of such a mailing is when the Boston Housing Court mailed to the defendants in each of the above mentioned receivership cases the various Judges orders, and when Edward Coburn, (with Martin Walsh and William Christopher's consent), and James Cotter served their various motions on all parties involved. (For example, the Plaintiff received the Boston Housing Court's Order appointing James Cotter as receiver for the Properties via first class mail on or about May 27, 2012; and on February 26, 2009, James Cotter served his *Receiver's Motion for Final Judgment, for Order Enjoining Nuisance and for Authorization to Sell Property* via first class mail to all parties connected to the receiver case for 12 Sutton Street. In addition, all of the motion served upon the parties for the receivership cases involving both 9 and 11 Everett Street were served via U.S. Mail.

81. By reason of violation of 18 U.S.C. § 1962(c) committed by the Defendants, the Plaintiff were injured in an as yet undetermined amount, believed to be not less than approximately $600,000.00, within the meaning of 18 U.S.C. § 1964(c).

## COUNT SIX

### Violation of RICO 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c) (as for defendants Edward Coburn, James Cotter, Marylou Muirhead, Jeffrey Winik, Martin Walsh, William Christopher, U.S. Bank and Caliber)

82. Plaintiff incorporate by reference each preceding paragraph of the Complaint as if fully restated herein and further allege as follows:

83. The Defendants are a "person" within the meaning of 18 U.C.S. § 1961(3) and 1964(c).

84. The Boston Housing Court is an "enterprise" within the meaning of 18 U.C.S. § 1961(4) and § 1962(c), which was engaged in and the activities of which affected interstate commerce during the relevant times.

85. The Defendants Edward Coburn, Marylou Muirhead, Jeffery Winik, Martin Walsh, William Christopher, James Cotter, U.S. Bank and Caliber are employed by or associated with an enterprise, that is, the Boston Housing Court, and did conduct or participate, directly or indirectly, in the conduct of the affairs of the Boston Housing Court through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(b) and 1965(5) and 1962(c), to wit:

   (a). Multiple instances of extortion/attempted extortion under color of official right in violation of 18 U.S.C. § 1951. The Defendants extort/attempted to extort property from their owners by having an associate "purchase" the property at a reduced rate, with the understanding that receiver James Cotter's hourly compensation would be $350.00, which would exceed $15,000.00 per scheme.

   (b). Multiple instances of mail fraud in violation of 18 U.S.C. § 1341. The Defendants and associates utilized the United States Post Office to mail documents containing fraudulent information with the intent to extort property from their owners by "purchasing" the targeted property at a reduced rate. (An example of such a mailing is when the Boston Housing Court mailed the Defendants in each of the above mentioned receivership cases served their various orders, and when Edward Coburn and James Cotter served their various motions on all parties involved. The Plaintiff received the Boston Housing Court's Order appointing James Cotter as receiver for the Properties via first class mail on or

about May 27, 2012; and on February 26, 2009, James Cotter served his

*Receiver's Motion for Final Judgment, for Order Enjoining Nuisance and for*

*Authorization to Sell Property* via first class mail to all parties connected to the

receiver case for 12 Sutton Street.)

86. By reason of violation of 18 U.S.C. § 1962(c) committed by the Defendants, the

Plaintiff was injured in an as yet undetermined amount, believed to be not less than

approximately $600,000.00, within the meaning of 18 U.S.C. § 1964(c).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully pray that this Court will:

### Receivership Statute

### Violation of Civil Rights Act (42 U.S.C. § 1983)

1. Declare the challenged Massachusetts law, M.G.L. c. 111, § 127I, to be

   unconstitutional under the United States Constitution and therefore unenforceable;

2. Issue a preliminary and permanent injunction:

   a. Restraining Defendants, their agents, servants, and employees and all other

      persons acting on behalf of, through the authority of, or in concert with

      Defendants from enforcing or in any manner giving effect to the challenged

      Massachusetts laws, or in the alternative restrain the Defendants from placing

      vacant property into receivership;

   b. Directing Defendants:

      i. To notify those governmental officials and governmental boards and bodies of

         the Commonwealth of Massachusetts, the activities which said Defendants are

authorized by law to supervise, direct, or coordinate, that the provisions of the challenged Massachusetts law is unconstitutional and void;

ii. To instruct those governmental officials and governmental boards and bodies to cease enforcing or in any manner giving effect to the challenged Massachusetts law;

3. Award Plaintiff reasonable and necessary attorneys' fees, expert fees, and costs associated with bringing and prosecuting this action, pursuant to 42 U.S.C. § 1988; and

4. Grant any and all other necessary and proper relief to which the Plaintiff is entitled, pursuant to 28 U.S.C. § 2202.

**Intentional Negligence and Destruction**

1. Award Plaintiff for damages caused by all Defendants deliberate negligent and destruction actions, estimated to be in excess of $300,000.00.

2. For any further and other relief the Court deems just and proper.

**Violation of RICO 18 U.S.C. § 1962(c) and Violation of RICO 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c)**

1. Judgment be entered against by reason of the violation of 18 U.S.C. § 1962(c) committed by Defendants Edward Coburn, James Cotter, Marylou Muirhead, Jeffery Winik, Martin Walsh, William Christopher, U.S. Trust and Caliber:

   a. In an undetermined amount not less than Six Hundred Thousand Dollars ($600,000.00) upon the First Claim for Relief, for violation of 18 U.S.C. § 1962(c), the sum duly trebled in accordance with 18 U.S.C. 1964(c).

   b. In an undetermined amount not less than Six Hundred Thousand Dollars

($600,000.00) upon the Second Claim for Relief, for violation of 18 U.S.C. § 1962(d) by conspiracy to violate 18 U.S.C. § 1962(c), the sum duly trebled in accordance with 18 U.S.C. § 1964(c).

c. For the cost of suit including attorneys' fees in accordance with 18 U.S.C. § 1964(c), interest and costs.

2. Equitable relief against Defendant in the form of such injunctive and related relief as might be appropriate in accordance with 18 U.S.C. § 1964(a), including:

    a. Reasonable restrictions on the future activities and investments of the Defendant.

    b. Any restrictions which may be appropriate on future conduct of activities.

    c. For such other damages, relief and pre and post-judgment interest as the Court may deem just and proper.

**JURY DEMAND**

The Plaintiff, James Dickey, respectfully requests a jury trial.

by Pro Se Plaintiff:

James Dickey
8 NewBridge Road
Sudbury, MA  01776
978.443.2504

**VERIFICATION**

I, James Dickey, do hereby dispose under the pains of penalties of perjury that I have read the foregoing complaint and attest and that I believe that, to the best of my knowledge, the complaint is true and accurate.

March 31, 2016

James Dickey