UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES DICKEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 16-10636-LTS |
| CITY OF BOSTON, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON PLAINTIFF'S MOTION FOR
TEMPRORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION (DOC. NO. 5)

April 1, 2016

SOROKIN, J.

Pro se Plaintiff James Dickey today filed this action, which couples a challenge to the constitutionality of Massachusetts General Laws chapter 111 § 127 with Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against various local and state officials. Doc. No. 1. Simultaneously, he has filed an "Emergency Ex Parte Motion" for a temporary restraining order or preliminary injunction asking the Court to "stop the foreclosure of Plaintiff's real property" located at 497 East Fourth Street, South Boston, Massachusetts. Doc. No. 5. This Motion is DENIED WITHOUT PREJUDICE for the following reasons.

First, Plaintiff has established no basis warranting conducting ex parte proceedings. In other words, advising Defendants of the pendency of Plaintiff's request for an injunction will not impair the Court's ability to effectuate any orders entered in response to the Plaintiff's Motion.

Second, Plaintiff's assertion that defendants are acting pursuant to an unconstitutional statute underlies both his Complaint and Motion for Injunctive Relief. In this circumstance,

Federal Rule of Civil Procedure 5.1(a)(2) requires that "[a] party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly: . . . (2) serve the notice and paper . . . on the state attorney general if a state statute is questioned." The record contains no evidence of service on the Attorney General of Massachusetts. The Court declines, at this stage, to determine the constitutionality of a duly enacted statute of the Commonwealth of Massachusetts without hearing from the representative of the Attorney General of Massachusetts.

Third, Plaintiff bears the burden of establishing the perquisites to injunctive relief, Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003), which requires establishing both the relevant facts—by way of affidavit or sworn testimony—and establishing irreparable harm. Neither the Complaint nor any of the supporting papers setting forth the facts contain sworn statements by the Plaintiff; he shall cure this deficiency in the event he files a further motion for injunctive relief. In addition, on the present record (assuming for the moment the truth of the unsworn statements), Plaintiff does not reside in the three-family home subject to foreclosure proceedings on April 4, 2016. He has not established that money damages are an insufficient remedy.

Fourth, Plaintiff's papers suggest ongoing proceedings in state court. On the present record, the Plaintiff has not established a basis for this Court to restrain those proceedings or, inter alia, a judge of the Commonwealth of Massachusetts.

Accordingly, the Motion for Injunctive Relief, Doc. No. 5, is DENIED.  The Clerk shall unseal the Motion and Supporting Memorandum, Doc. Nos. 5, 6, as no reason warrants treating them as ex parte filings.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge