## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DICKEY<br><br>        Plaintiff<br><br>v.<br><br>CITY OF BOSTON, through the<br>       INSPECTIONAL SERVICE<br>       DEPARTMENT<br><br>      Defendant<br><br>EDWARD COBURN, individually and<br>       in his official capacity as lawyer<br>       for the City of Boston<br><br>JAMES COTTER III, individually and<br>       in his official capacity as receiver for<br>       the Boston Housing Court<br><br>MARYLOU MUIRHEAD, individually<br>       and in her official capacity as<br>       judge for the Boston Housing Court<br><br>JEFFREY WINIK, individually and in<br>       his official capacity as judge for<br>       the Boston Housing Court<br><br>MARTIN WALSH, individually and<br>       in his official capacity as mayor<br>       of the City of Boston<br><br>WILLIAM CHRISTOPHER,<br>       individually and in his official<br>       capacity as commissioner of<br>       Inspectional Service Department<br>       of the City of Boston<br><br>U.S. BANK TRUST N.A., individually<br>       and as Trustee for LSF9 Master<br>       Participation Trust<br><br>CALIBER HOME LOANS, INC | CIVIL ACTION NO. 16-cv-10636 |

| | |
|---|---|
| STEVEN AMARAL, | |
| KATIE AMARAL, | |
| JOSH FETTERMAN, | |
| FRED STARIKOV, | |
| ANDREW SIMPSON, | |
| Defendants | |

## DEFENDANTS CALIBER HOME LOANS, INC. AND U.S. BANK TRUST, N.A.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

I.  INTRODUCTION

Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., individually and as trustee for LSF9 Master Participation Trust ("Defendants") move to dismiss plaintiff James Dickey's ("Plaintiff") Verified Complaint filed in the United States District Court, District of Massachusetts on April 1, 2016 (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).[1] The Complaint fails to state claims upon which relief can be granted because Plaintiff fails to allege the facts necessary to prevail on each of his claims.

II.  FACTS[2]

Until May 4, 2016, Plaintiff owned real property located at 497 East Fourth Street, Boston, Massachusetts (the "Property")[3] and previously owned the property located at 495 East Fourth Street, Boston, MA ("495 East Fourth"). Compl. ¶ 6. Plaintiff alleges that several parties, including Defendants, have violated the Racketeer Influenced and Corrupt Organizations

---

[1] Defendants have not yet been served with the Complaint.
[2] Defendants do not concede the truth of Plaintiff's allegations and recite them herein solely for the purpose of arguing Plaintiff's failure to state claims that are plausible on their face. If this Court denies Defendants' motion to dismiss, Defendants reserve the right to dispute the truth of the allegations contained in the Complaint.
[3] On May 4, 2016, the Property was sold at a foreclosure sale.

-2-

Act ("RICO"), 18 U.S. C. §§ 1961-1968, by engaging in a "scheme" to extort real property from various property owners, including himself, by: (1) declaring that the property violates the State Sanitary Code (105 C.M.R. 410); (2) placing the property in receivership pursuant to G.L. c. 111, § 127I; (3) allowing the receiver to sell the property upon motion to the court that no funds are available to complete the necessary repairs; and then (4) selling the property at a reduced rate to an associate of the receiver but never making the necessary repairs. Compl. ¶¶ 43-47.

Defendants are the mortgagee and loan servicer for Plaintiff's mortgage on the Property. Compl. ¶ 42. Unlike the allegations regarding the other parties, Defendants' alleged involvement in the "scheme" is limited to them holding an interest in the Property by way of a mortgage, which clearly cannot constitute any wrongdoing. Compl. ¶¶ 42, 58. Moreover, Plaintiff's allegations are summarily asserted and fail to state claims that are plausible on their face. Therefore, the Complaint must be dismissed.

III.  STANDARD – MOTION TO DISMISS

"To survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Jones v. Experian Info. Sols., Inc.*, No.14-10218, 2015 WL 6509117, at *1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.* (quoting *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997)). The court "need not credit a complaint's 'bald assertions' or legal conclusions." *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996)).

Where a plaintiff brings a complaint asserting civil claims for violation of RICO he must "at a bare minimum, state facts sufficient to portray (i) specific instances of racketeering activity within the reach of the RICO statute and (ii) a causal nexus between that activity and the harm alleged." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).

As discussed herein, each of Plaintiff's claims against Defendants fails to allege facts, which if taken as true, state a claim to relief that is plausible on its face. As a result, the Complaint must be dismissed.

IV. ARGUMENT

A. Intentional Negligence and Destruction Is Not A Valid Cause of Action.

In Count Four, Plaintiff alleges that Defendants, and others, assisted a receiver who was appointed by the Boston Housing Court, defendant James Cotter, "through deliberate negligence and destruction" to damage various properties. Compl., ¶ 74. The factual basis for Plaintiff's claim against Defendants is that Defendants allegedly agreed to finance the removal of the roof of the Property and were planning to purchase the Property at a discounted price at a later foreclosure sale. Compl., ¶ 58. This claim fails for a number of reasons.

First, there is no cause of action in Massachusetts for "intentional negligence and destruction." Plaintiff confuses and combines two distinct mens rea requirements – intent and negligence – demonstrating the baselessness of this claim. Second, Plaintiff attempts to impose liability based on Defendants' alleged "plans," rather than any action taken by Defendants. Compl., ¶ 58. For these reasons, Count Four must be dismissed.

B. Plaintiff Fails to State a Claim for Violation of 18 U.S.C. § 1962(c).

In Count Five, Plaintiff alleges that Defendants committed a RICO violation by violating 18 U.S.C. § 1951 (the "Hobbs Act") and 18 U.S.C. § 1341 (dealing with mail fraud).

Specifically, Plaintiff claims that Defendants participated in a "scheme" in which they, and others, allegedly extorted or attempted to extort real property from various property owners while using the United States Post Office to facilitate the same. Compl. ¶¶ 77-80.

It is well settled that a party can only be held responsible for a violation of RICO if it "participated in the commission of two or more predicate crimes within the compendium described in 18 U.S.C. § 1961(1)." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 45 (1st Cir. 1991); *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1560 (1st Cir. 1994) ("In order to establish a pattern of racketeering activity, the evidence must show that <u>each</u> defendant committed two acts of racketeering activity within the span of ten years.") (emphasis added). Here, Plaintiff only alleges Defendants' involvement in the alleged "scheme" in relation to the Property (Compl. ¶¶ 2, 42). As a result, Plaintiff fails to allege the required amount of offenses in order to state a viable RICO claim and Count Five must be dismissed.

Additionally, Plaintiff fails to plausibly allege that Defendants have engaged in a pattern of "racketeering activity" as defined by 18 U.S.C. § 1961(1) for two fundamental reasons. First, the Hobbs Act defines extortion as "the obtaining of property from another, <u>with his consent</u>, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2) (emphasis added). "Extortion therefore requires that the victim consent to give up his property and yield to an official's authority." *Dickey v. Kennedy*, 724 F. Supp. 2d 207, 214 (D. Mass. 2010). In the Complaint, Plaintiff does not allege that any of the defendants obtained the Property or 495 East Fourth Street with his consent. In fact, Plaintiff clearly alleges that the "scheme" occurred without his consent or the consent of the other property owners. Compl., ¶ 45 ("[T]he property owner, now aware of the receivership, immediately submits a motion to the Boston Housing Court requesting that the receivership be

dismiss (sic) due to lack of notice, which is subsequently be (sic) denied by Judge Muirhead or Judge Winik.").

Second, Plaintiff also fails to plausibly allege a violation of 18 U.S.C. § 1341. The essential elements of a claim for mail and wire fraud pursuant to 18 U.S.C. § 1341 are "(1) the defendant's knowing and willing participation in a scheme or artifice to defraud with the specific intent to defraud, and (2) the use of the mails or interstate wire communications in furtherance of the scheme." *United States v. Sawyer*, 85 F.3d 713, 723 (1st Cir. 1996). Here, Plaintiff fails to allege that Defendants had a specific intent to defraud and that Defendants were doing no more than complying with the law in distributing particular documents through the mail. Given the failure to assert the necessary allegations, Plaintiff has failed to overcome the "plausibility threshold" of Fed. R. Civ. P. 12(b)(6). *Natale v. Espy Corp.*, 2 F. Supp. 3d 93, 100-01 (D. Mass. 2014).

Plaintiff alleges only that court orders and motions in various receivership actions sent by the Boston Housing Court and by defendants Edward Coburn and James Cotter violated 18 U.S.C. § 1341 because they were part of a scheme "to extort property from their owners by 'purchasing' the targeted property at a reduced rate." Compl., ¶ 80. Notably, Plaintiff does not allege that Defendants participated in or had knowledge of these mailings. Moreover, the alleged mailings that form the basis for the claim admittedly relate to nothing more than the court or a party to a pending action providing Plaintiff with notice of a court order and a copy of a motion filed with the court. Although unclear from the Complaint, to the extent Plaintiff claims that Defendants were among the parties who mailed court orders and motions to Plaintiff, they were required to serve the orders and motions by the Massachusetts Rules of Civil Procedure. *See*

Mass. R. Civ. P. 5 (with few exceptions, all orders, pleadings, and motions are required to be served on all parties to an action). Therefore, Count Five must be dismissed.

### C. Plaintiff Fails To State A Claim For Violation Of 18 U.S. C. § 1962(d).

In Count Six, Plaintiff alleges that Defendants violated 18 U.S.C. § 1962(d) by participating in a conspiracy to extort real property from various property owners, including Plaintiff. To be successful on Count Six, Plaintiff must prove "(1) the existence of enterprise affecting interstate commerce, (2) that the defendant knowingly joined the conspiracy to participate in the conduct of the affairs of the enterprise, (3) that the defendant participated in the conduct of the affairs of the enterprise, and (4) that the defendant did so through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate offenses." *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1561 (1st Cir. 1994).

Where a plaintiff fails to plead a viable substantive RICO claim with identical allegations (see Count Five), a subsequent count based upon an alleged conspiracy to commit the same violations also fails. *Dickey v. Kennedy*, 724 F. Supp. 2d 207, 216 (D. Mass. 2010)[4] ("Dickey's conspiracy claim pursuant to 18 U.S.C. § 1962(d) is identical to his affirmative claim under § 1962(c). Because he cannot make out a substantive RICO claim, Count II based upon an alleged conspiracy to commit the same violations also fails."). Therefore, Count Six of the Complaint should be dismissed.

## V. CONCLUSION

Plaintiff has failed to state claims upon which relief can be granted. Therefore, the Complaint should be dismissed.

---

[4] In a 2010 action before this Court, Plaintiff alleged that an employee of the City of Boston's Inspectional Services Department violated RICO by allegedly attempting to extort real property from owners, including Plaintiff, under substantially similar factual circumstances as Plaintiff alleges in the instant action. This Court granted summary judgment in favor of the defendant in the 2010 action. *See Dickey v. Kennedy*, 724 F. Supp. 2d 207 (D. Mass. 2010).

Respectfully submitted,

**CALIBER HOMES LOANS, INC. and
U.S. BANK TRUST, N.A. INDIVIDUALLY
AND AS TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST**

By their attorneys,

/s/ Thomas J. O'Neill
Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06103
Tel.   (203) 977-7301

Darian M. Butcher
BBO #685568
dbutcher@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02110
Tel.   (617) 345-4668

DATED:      May 13, 2016

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on May 13, 2016.

                /s/ Darian M. Butcher
                Darian M. Butcher