UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| JAMES DICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 16-10636-LTS |
| | ) | |
| CITY OF BOSTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON PLAINTIFF'S MOTION TO AMEND
AND BANK DEFENDANTS' MOTION TO DISMISS

June 20, 2016

SOROKIN, J.

Pro se Plaintiff James Dickey ("Dickey") filed a Complaint asserting various state and federal claims against a number of defendants all of which arises out of an alleged scheme involving the improper or illegal application of the Commonwealth of Massachusetts's receivership statute for allegedly improper or illegal purposes.  Doc. No. 1.  Two defendants, Caliber Home Loans, Inc. and U.S. Bank Trust N.A. (the "Bank Defendants"), move to dismiss the Complaint.  Doc. No. 14.  Dickey has opposed the motion, Doc. No. 19, and filed a Motion to Amend the Complaint to correct one minor deficiency identified by these defendants (pleading as one count negligence and intentional destruction of property).  See Doc. No. 21.

The Bank Defendants' Motion to Dismiss is ALLOWED.  Dickey concedes that he failed to plead two predicate crimes as to these defendants, Doc. No. 20 at 2, thus Dickey's substantive RICO claims fail.  In any event, fraud forms the gravamen of Dickey's RICO claims, and Federal Rule of Civil Procedure 9(b) requires the pleading of fraud with particularity.  Woods v.

Wells Fargo, N.A., 733 F.3d 349, 358 (1st Cir. 2013).  At least as to these two defendants, Plaintiff has failed to plead with requisite particularity.  On the bare facts regarding the Bank Defendants—loaning money to the receiver for a mortgage—Dickey has failed to allege plausibly that either or both Bank Defendants knowingly joined a RICO conspiracy or committed mail fraud or other predicate felonies.

Dickey pleads a common law claim for intentional destruction of property.  Construing his pro se Complaint liberally, see Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014), the Court treats this as a trespass for chattels claim.  See Smith v. Wright, No. 12-ADMS-10032, 2013 WL 1042644, at * 6 (discussing elements of a trespass to chattels claim).  Because Dickey has not pled facts to show that the Bank Defendants possessed the requisite intent, see Restatement (Second) of Torts § 217, he has likewise failed to state this claim.

Dickey's claim of negligence against these defendants fails to state a claim.  According to the Complaint, these Bank Defendants loaned money to the receiver in exchange for a mortgage on the property.  Dickey identifies no duty the Bank Defendants owed to Plaintiff arising from that transaction, and this absence of a duty prevents Dickey from stating a negligence claim against the Bank Defendants.  See Brown v. United States, 557 F.3d 1, 3 (1st Cir. 2009).

The Complaint asserts no other claims against the Bank Defendants.  Accordingly, the Motion to Dismiss, Doc. No. 14, is ALLOWED.  The Motion to Amend the Complaint, Doc. No. 21, is ALLOWED as of right as it is timely under Federal Rule of Civil Procedure 15.  The Court has reviewed the Amended Complaint as to the Bank Defendants, and finds that it suffers from the same deficiencies regarding these defendants as the original Complaint.  Accordingly, the

First Amended Complaint, as to the Bank Defendants only, is DISMISSED.

                                      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                      United States District Judge