## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**JAMES DICKEY,**

    **Plaintiff,**

**v.**

**CITY OF BOSTON, though its INSPECTIONAL SERVICES DEPARTMENT**

**EDWARD COBURN, individually and in his official capacity as lawyer for the City of Boston**

**JAMES COTTER III, individually and in his capacity as receiver for the Boston Housing Court**

**MARYLOU MUIRHEAD, individually and in her official capacity as Judge for Boston Housing Court**

**JEFFREY WINIK, individually and in his official capacity as Judge for the Boston Housing Court**

**MARTIN WALSH, individually and in his official capacity as mayor of the City of Boston**

**WILLIAM CHRISTOPHER, individually and in his official capacity as the commissioner of Inspectional Services Department of the City of Boston**

**U.S. BANK TRUST N.A., individually and as Trustee for LSF9 Master Participation Trust**

**CALIBER HOME LOAN INC.**

**STEVEN AMARAL,**

**KATIE AMARAL,**

**JOSH FETTERMAN,**

**FRED STARIKOV,**

**ANDREW SIMPSON,**

      **Defendants**

**Civil Action No.: 16 CV 10636 LTS**

1

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS CITY OF BOSTON, EDWARD COBURN, MARTIN WALSH, AND WILLIAM CHRISTOPHER**

**Introduction**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants City of Boston, Edward Coburn, Martin Walsh, and William Christopher (hereinafter "Defendants" or "City Defendants") hereby move this Court to dismiss all claims raised against them in the pro se 1st Amended Verified Complaint of James Dickey (hereinafter "Plaintiff" or "Mr. Dickey"). As grounds for this Motion Defendants state: (1) Claims One through Three, and Six through Seven should be dismissed, as they have previously been considered and rejected by this Court; (2) Plaintiff fails to allege sufficient facts to support any of his claims; and (3) this Complaint should be dismissed because Mr. Dickey is a vexatious litigant.

**Procedural History**

Since, approximately 2007, the City of Boston has engaged in code enforcement actions against the Plaintiff Mr. Dickey in the Boston Division of the Housing Court. This Complaint represents roughly the eighth time Mr. Dickey has used the Courts to delay and interfere with code enforcement in the Housing Court. As discussed below, the District Court has granted a motion for summary judgment against Mr. Dickey, the Superior Court has allowed the City's Motion To Dismiss, the Appeals Court and the Supreme Judicial Court have upheld the Superior Court's decision, and the United States Supreme Court has denied a writ of certiorari file by Mr. Dickey in December 2015. This case was previously remanded and is currently in the Boston Housing Court.

In 2008 the City of Boston issued a vacate order for two buildings in South Boston owned by the Plaintiff. Complaint ¶ 37. On or about May 9, 2012, the City of Boston's

Inspectional Services Department ("ISD") filed a petition in the Housing Court seeking the appointment of a receiver to bring the Plaintiff's properties into compliance with the Massachusetts Sanitary Code. Complaint ¶¶ 38, 57. *City of Boston Inspectional Services Department v. Dickey*, et al., 12H84CV000376. *See generally* General Laws c. 111, § 127I. On or about May 23, 2012 the Housing Court allowed the petition, appointing James Cotter III as receiver. Complaint ¶¶ 38, 57; Exhibit 1.[1]

On May 31, 2012, the Plaintiff filed his "Emergency Verified Motion to Dismiss or, in the Alternative, to Stay Receivership" in Housing Court based on claims of improper service and violations of due process. Complaint ¶ 39; Exhibit 2. On June 1, 2012, while the case was pending in Housing Court, Mr. Dickey filed a Notice of Removal to the United States District Court, based on the same allegations of this Complaint of insufficient service. *City of Boston Inspectional Services v. Dickey*, et al., 1:12-cv-10979. Exhibit 3. The City moved to remand the case. Exhibit 4. With the U.S. District Court's permission, the Housing Court conducted a hearing to address Mr. Dickey's motion to dismiss the receivership, which was denied on June 20, 2012. Complaint ¶ 39; Exhibit 5. On or about August 8, 2012, the U.S. District Court granted the City's motion to remand. Exhibit 6.

Less than two weeks later, the Plaintiff filed another pro se Notice of Removal, accompanied by another motion to dismiss the receivership. Exhibit 7. The Plaintiff also filed a "Third-Party Complaint" (on August 17, 2012) and a "Counterclaim" (on September 20, 2012) in the U.S. District Court alleging almost identical claims against five Defendants:

---

[1] The Defendants ask this Court to take judicial notice of the docket entries, court decisions, and filings from related court cases referenced in this motion. On a motion to dismiss, the Court may properly consider "documents the authenticity of which are not disputed by the parties," including "official public records." *Clark v. Leasecomm Corp.*, 12 Mass. L. Rptr. 267, 2000 WL 1512373, at *3 n.7 (Mass. Super. Aug. 21, 2000) (*quoting Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993); *see also Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (court may consider public court documents filed in earlier actions in deciding motion to dismiss without converting motion into one for summary judgment).

the City of Boston, ISD Attorney Edward Coburn, James Cotter III (the court appointed receiver), the Honorable Jeffrey Winik, and the Honorable Marylou Muirhead.  Exhibit 8.

On November 2, 2012, Judge Tauro of the U.S. District Court again remanded the case (including the receivership action and the Plaintiffs' claims) to the Boston Housing Court without a hearing.  Exhibit 9.  On March 18, 2013, the Chief Justice severed the case, keeping the receivership action in Boston Housing Court and transferring the Plaintiff's claims to Superior Court under docket no. SUCV2013-01747.

Following the transfer of the case to Superior Court, The City Defendants filed a motion to dismiss.  The Superior Court allowed the City's motion and dismissed Mr. Dickey's complaint on May 21, 2014.  Exhibit 10.  Mr. Dickey appealed the Court's decision on June 19, 2014.  Exhibit 11.  The Appeals affirmed the prior Court's decision on May 8, 2015.  *See James Dickey v. City of Boston Inspectional Services Department, et al.,* 87 Mass. App. Ct 1119 (2015).  Following the Appeal's Court decision, Mr. Dickey appealed to the Supreme Judicial Court.  The Supreme Judicial court denied review.  *See James Dickey v. City of Boston Inspectional Services Department, et al.,* 472 Mass. 1103 (2015).  Three months later, Mr. Dickey filed a petition for writ of certiorari to the Supreme Court of the United States.  The writ was denied on December 7, 2015.  *See James Dickey v. City of Boston Inspectional Services Department, et al.,* 193 L.Ed.2d. 469 (Mass. Appt. Ct. 2015), *cert. denied,* 84 U.S.L.W. 3203, 3319, 3320 (U.S. Dec 7, 2015) (No. 15-136).

Back in Housing Court, on January 19, 2016 the appointed receiver served a motion on the parties to foreclose on the property. Complaint ¶ 58.  Judge Murihead, on May 18, 2016, allowed a motion from the Bank approving the foreclosure sale and an ordering the surplus funds be deposited into the Boston House Court.  Complaint ¶ 59.

## Factual Summary[2]

Mr. Dickey (Plaintiff) owned and controlled properties located at 495-497 East Fourth Street in South Boston. Complaint ¶ 9. These properties consist of a two-family and a three-family dwelling. Complaint ¶ 9.

ISD is a department of the City of Boston which, among other things, is charged with enforcement of the State Sanitary and Building Codes. Complaint ¶ 10. Defendant Edward Coburn is an Assistant Corporation Counsel employed by the City of Boston and assigned to ISD. Complaint ¶ 11. Defendant Martin Walsh is the Mayor of the City of Boston. Complaint ¶ 15. Defendant William Christopher is the Commissioner of the Inspectional Services Department of the City of Boston. Complaint ¶ 16.

On May 27, 2008, ISD issued a vacate order for the properties at 495-497 East Fourth Street. Complaint ¶ 37. The Complaint fails to mention the reasons ISD was forced to issue such an order. ISD determined that the condition of the buildings violated the State Sanitary Code and ordered condemnation. Exhibit 12. ISD determined the buildings to be uninhabitable. Exhibit 12. This decision was made by ISD according to its normal practices and procedures. The U.S. District Court, in *Dickey v. Inspectional Services Department of the City of Boston*, 1:08-cv-11569-PBS, previously recognized the terrible conditions at 495-497 East Fourth Street which forced ISD to take emergency measures to preserve public safety, as it was "undisputed" that the properties posed "a danger to the general public." Exhibit 13.

In 2012 the City of Boston submitted a petition for receivership to the Housing Court. Complaint ¶¶ 38, 59. The Housing Court ordered that notice of a hearing on the petition be served on Mr. Dickey at his last and usual place of abode. Exhibit 14. Although ISD served

---

[2]    Although City Defendants dispute some of the following facts, they accept them from the complaint for the limited purposes of this Motion to Dismiss.

notice of the petition, Mr. Dickey claims that his sister took the notice and he never saw it. Complaint ¶ 38. ISD did not post the petition at the properties in South Boston, although Mr. Dickey admits that such action is not required by the receivership statute. Complaint ¶¶ 40, 61. The receivership petition was later granted after a hearing in Housing Court, although Mr. Dickey was not present. Complaint ¶ 38, 57.

The Plaintiff claims that the City Defendants, including two sitting Housing Court judges, "conspired to extort real property" from Mr. Dickey and other Boston property owners. Complaint ¶¶ 43-59, 82-92. The elaborate conspiracy worked in the following way: ISD found uninhabitable buildings, issued vacate orders pursuant to the State Sanitary Code, and issued petitions for receivership to the Housing Court. Complaint ¶ 43. The City ensured the property owners were unaware of the petition by requesting notice by publication. Complaint ¶ 44. Judge Winik and Judge Muirhead then allowed the City's petitions ex-parte. Complaint ¶ 44. Mr. Cotter, the assigned receiver, requested permission from the Housing Court to sell the properties. Complaint ¶ 46. The Housing Court would give the owners fourteen days to deposit funds with the Court to rehabilitate the properties, allowing the sales to take place if no such funds were deposited. Complaint ¶ 46. Finally, Mr. Cotter sold the properties to his associate at reduced rates and received compensation from the Housing Court without making repairs. Complaint ¶ 47.

**Argument**

I. <u>Standard to Dismiss Under Federal Rules of Civil Procedure 12(b)(6)</u>

To state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a Plaintiff must allege a set of facts "plausibly suggesting (not merely consistent with) an entitlement to relief." *Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 557 (2007).* If a Complainant does not meet the threshold requirement then the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. *Id.*

II. This Court Should Dismiss Counts One Through Three of the Verified Complaint Because the Plaintiff's Claims Have Previously Been Rejected by This Court and They Have Failed to Allege Sufficient Facts to Support Such a Claim.

Claims One through Three of the Verified Complaint claim that the Massachusetts receivership statute, M.G.L. c. 111, § 127I, is unconstitutional. Specifically, Mr. Dickey claims that the notice requirements of the statute violate procedural due process under the Fifth and Fourteenth Amendments, and that such deficiencies resulted in a violation of 42 U.S.C. § 1983. Complaint ¶¶ 59-76. As explained below, this Court has already rejected these claims and the Plaintiff has failed to allege sufficient facts to support such claims. Therefore Claims One through Three should be dismissed based on res judicata and for failure to state a claim.

A claim will be precluded by res judicata if the following elements are demonstrated: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits. *Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 755 (1st Cir. 1994).

Mr. Dickey filed a similar pro se complaint in 2008 against ISD in this Court related to ISD's efforts to secure 495-497 East Fourth Street as part of the condemnation process. *See Dickey v. Inspectional Services Department of the City of Boston*, 1:08-cv-11569-PBS. Like in the current case, Mr. Dickey claimed violations of his procedural due process rights and 42 U.S.C. § 1983 because ISD failed to provide him with adequate notice and an opportunity for a hearing. *Id.* This Court allowed ISD's Motion for Summary Judgment stating "the undisputed facts demonstrate that the City provided

Dickey with an adequate means of redress with respect to ISD's actions concerning his Property. Therefore, he has not been deprived of due process." Exhibit 13.

Mr. Dickey filed another Counter-claim and Third-Party Complaint in 2012 against the City Defendants (The City of Boston, Edward Coburn and Commissioner William Christopher) in this Court as part of the same condemnation process. *See City of Boston Inspectional Services v. Dickey*, et al., 1:12-cv-10979; Exhibit 8. Again, like the current case, Mr. Dickey claimed violations of his procedural due process rights, 42 U.S.C. § 1983, and violations of RICO 18 U.S.C. §1962(c) and (d). The U.S. District Court remanded the case to House Court who severed the issues and transferred to Superior Court. The Superior Court allowed the City's Motion to Dismiss. Exhibit 10 Mr. Dickey appealed the decision the Appeals Court, the Supreme Judicial Court and requested a writ of the United States Supreme Court. All actions were denied by the respective courts.

These claims should be barred based on res judicata as the parties in the 2008 and 2012 case are identical to the parties in the current case. *Gonzalez*, 27 F.3d at 755. A final judgment on the merits of the 2008 and 2012 cases were reached when this Court allowed ISD's motion for summary judgment and their motion to dismiss. *Id*. Finally, there is sufficient identicality between the claims as in both cases Mr. Dickey claimed violations of his right to procedural due process, violations of 42 U.S.C. § 1983 based on insufficient service and violations of RICO 18 U.S.C. §1962(c) and (d) all relating to Housing Court action taken against 495-497 East Fourth Street. *Id*.

Furthermore, Claims One through Three should be dismissed for failure to state a claim. One of the only differences between the 2008, 2012 and today's case is the

inclusion of the City Defendant Mayor of Boston Martin Walsh, who was elected as Mayor in 2014. Paragraphs 31 through 40 and 59 through 76 have stated no factual claims against the Mayor of Boston. In fact, the above stated paragraphs do not mention the Mayor in any of the allegations regarding the Receivership Statute.

III. <u>This Court Should Dismiss Count One Through Three of the Complaint Because the Plaintiff Was Afforded Due Process and The Receivership Statute's Notice Requirements Comport with Massachusetts Law and the United States Constitution</u>

Even if this Court chooses to address the due process claims related to the receivership statute, it should dismiss them. As argued in ISD's previous motion to remand (1:12-cv-10979-JLT), Exhibit 4, the statute's notice requirements are constitutional because: (1) the Housing Court had already ruled that service and notice had been sufficient in this case; (2) ISD served Mr. Dickey and the LLC with a copy of the Petition and Order of Notice to appear for the receivership hearing at Mr. Dickey's last and usual place of abode, which satisfied the notice requirements of Massachusetts law; and (3) such notice satisfied constitutional due process requirements because it was reasonably calculated to apprise Mr. Dickey of the pending action. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This Court previously allowed the City's Motion to Remand "for essentially the reasons stated in Plaintiff's Memorandum of Fact and Law." Exhibit 6. The Superior Court also allowed the City's Motion to Dismiss because the Housing Court had already rules on the notice claim. Exhibit 10.

In Count Two of the Verified Complaint, the Plaintiff seek declaratory relief under 28 USC §2201, asking this Court to declare the receivership statute unconstitutional and unenforceable. Complaint ¶¶ 65-71. In Count Three of the Complaint, the Plaintiff seeks equitable relief in the form of preliminary and permanent injunctions enjoining the Defendants from acting pursuant to the receivership statute. Complaint ¶¶ 72-76.

**A. The Housing Court has properly ruled that service on the Defendants was proper and satisfied due process requirements**.

The Plaintiff's Verified Complaint reasserts the same arguments previously rejected by the Housing Court, Superior Court, Appeals Court and the U.S. District Court.  The first time Mr. Dickey removed this case from Housing Court, the U.S. District Court allowed (at the request of the Parties) the Housing Court to hear and decide Mr. Dickey's motion to dismiss the receivership based on issues of due process and sufficiency of notice.  The Housing Court denied the motion in June 2012, rejecting the Plaintiffs' arguments that they were denied notice and an opportunity to oppose the petition under the Fourteenth Amendment.  Complaint ¶ 39.  Exhibit 5.  The City filed a motion to remand arguing that service had been proper, and that it complied with both Massachusetts and Federal law.  The U.S. District Court allowed the remand for "essentially the reasons stated" in ISD's memorandum of law.  Exhibit 6.  Rather than accept the Courts' decisions, Mr. Dickey filed another Notice of Removal and filed more documents raising the same arguments in the U.S. District Court, which was transferred to Superior Court in March 18, 2013.  The Superior Court again dismissed the Plaintiff's Complaint for stated that the Housing Court heard and decided the matter.  The Appeals Court and the Superior Judicial Court have all upheld the Housing Court's decision.

**B. The Defendants were served at Dickey's last and usual place of abode in compliance with Massachusetts Law and by order of the Housing Court.**

The Plaintiff was served in accordance with Massachusetts law.  The Plaintiff concede that the receivership statute, M.G.L. c. 111, § 127I, does not require ISD to physically post notice of the receivership petition on the subject property.  Complaint ¶61.  The Plaintiff also acknowledged that Massachusetts law permits service on an individual by "delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode."  Mass.R.Civ.P. 4(d)(1).

As noted in the Order of Notice in the Housing Court, ISD was ordered to serve Mr. Dickey at his last and usual place of abode, that being 10 Newbridge Road, Sudbury MA 01776. Exhibit 14. That is exactly what ISD did. The return of service shows the constable served the papers at 10 Newbridge Road, Sudbury MA 01776. Exhibit 14. This is the same address used by the Plaintiff in his pleadings in Superior Court, Housing Court and the previous U.S. District Court cases.

The Plaintiff argues that service was constitutionally deficient because it was left with a person other than Mr. Dickey at his last and usual place of abode, and instead it should have simply been left unattended. However, the Plaintiff has no legal authority in support of this interpretation of the law. As noted above, ISD followed the requirements of Mass.R.Civ.P. 4(d).

C. **The manner of notice ordered by the Housing Court complied with the Fifth and Fourteenth Amendments of the U.S. Constitution because it was reasonably calculated to apprise the Plaintiff of the receivership action and the upcoming hearing.**

The Supreme Court has held that due process under the Fourteenth Amendment requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanvoer Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court goes on to say that where, "with due regard for the practicalities and peculiarities of the case these condition are reasonably met, the constitutional requirements are satisfied." *Id*. at 314-315.

Although the receivership statute does not require it, the Plaintiff argues that notice of the petition and hearing was required to be physically posted at the subject properties in South Boston. Complaint ¶ 62. However, such form of notice would have been constitutionally *insufficient*, as the properties were subject to a condemnation order and were vacant. Therefore, posting notice at the vacant properties would not be reasonably calculated

to apprise the Plaintiffs of the pending receivership action as required by *Mullane*. On the other hand, by leaving copies of the papers with Mr. Dickey's sister at his last and usual place of abode in compliance with Massachusetts law, ISD gave him notice that was reasonably calculated to apprise the interested parties in the receivership case. Therefore, the Fifth and the Fourteenth Amendments' due process requirements were satisfied.

IV. <u>This Court Should Dismiss Claims Six and Seven of the Verified Complaint Claiming a Civil RICO Conspiracy Based on Collateral Estoppel, and Because the Complaint Fails to Allege Sufficient Facts to Support Such Claims.</u>

RICO's civil enforcement scheme allows "any person injured in his business or property by reason of a violation of section 1962" to bring suit. 18 U.S.C. § 1964(c). A valid claim entails conduct of an enterprise through a pattern of racketeering activity. *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 233 (1st Cir. 2003). A "pattern" requires at least two predicate acts of racketeering activity. *Id*. In this case, Claims Six and Seven of Mr. Dickey's complaint allege that the Defendants conspired to violate RICO by committing extortion and mail fraud. Complaint ¶ 71-82.

The Plaintiff makes the extraordinary allegation that, among others, the Mayor of the City of Boston, the Commissioner for ISD, a city attorney, a court-appointed receiver, and two sitting justices of the Boston Housing Court are all involved in an ongoing conspiracy to deprive him and others in Boston of their properties. Complaint ¶ 43. The complaint alleges that ISD would find an uninhabitable building, issue a vacate order pursuant to the State Sanitary Code, and issue a petition for receivership to the Housing Court. Complaint ¶ 41. The City ensured the property owners were unaware of the receivership petition by requesting notice by publication. Complaint ¶ 42. Judge Winik and Judge Muirhead would then allow the City's petition ex-parte. Complaint ¶ 42. The receiver, Mr. Cotter, would then request permission from the Housing Court to allow the sale of the properties,

which was approved by the Housing Court.  Complaint ¶ 44.  Finally, Mr. Cotter would sell the properties to his associate at a reduced rate.  Complaint ¶ 45.

Collateral estoppel, or issue preclusion, bars re-litigation of issues fully litigated and determined in a previous action.  *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir. 1997).  The following four criteria must be present: (1) the same issue must have been involved in the prior proceeding; (2) the issue must have been litigated; (3) the issue must have been determined by a final judgment; and (4) the issue must have been essential to the judgment.  *Id.*

Claims Six and Seven should be dismissed based on collateral estoppel because in 2007 Mr. Dickey filed a complaint against ISD employee Edward Kennedy based entirely on the same alleged conspiracy.  *Dickey v. Kennedy*, 1:07-cv-11717-NMG; Exhibit 13.  This complaint alleged that Mr. Kennedy violated RICO as a result of mail fraud and extortion.  It also described the same basic conspiracy involving ISD, receivers, and the Housing Court.  Exhibit 13.

On June 25, 2010, Judge Gorton allowed the ISD employee's Motion for Summary Judgment.  Exhibit 13.  The Court found that Mr. Dickey's claims "rest on a shaky factual foundation built upon frequent speculation," and that "he neglects the fact that ISD acted in the face of obvious sanitary violations."  Exhibit 13.  As to the extortion claims, Judge Gorton concluded that "what [Mr. Dickey] alleges is not extortion or attempted extortion," and that "nothing in his claims or pleadings establishes any consent on the part of the alleged victims."  *See United States v. Brock*, 501 F.3d 762, 770 (6th Cir. 2007) (all victims of extortion must consent to give the money to the public official). As for the mail fraud claims, Judge Gorton concluded that Mr. Dickey "piles inference

upon inference." Also, there was no indication that any information in mailings was actually false, as it all related to the terrible condition of Mr. Dickey's properties. Exhibit 13.

Five years later, in 2012, Mr. Dickey filed his Third-Party Complaint against the City Defendants alleging essentially the same conspiracy. He has simply changed the names of the conspirators and the addresses of the properties. The claims, then and now, are barred by collateral estoppel because the issue has already been litigated and determined by final judgment as a result of this Court's allowance of the motion for summary judgment in 2010 and again on a motion to dismiss by the Superior Court in 2014. . *See Keystone Shipping Co.*, 109 F.3d at 51. It is clear from the order allowing summary judgment that the rejection of Mr. Dickey's conspiracy theories was essential to the decision, as it was the entire basis of his 2007 complaint. *Id*. Although Mr. Dickey alleged the involvement of different parties in 2007, in 2012 he alleged the same basic conspiracy involving ISD, appointed receivers, and the Housing Court in this Complaint. As a result, Claims Six and Seven should be dismissed.

Additionally, Claims Six and Seven should be dismissed because they fail to include sufficient factual support to survive a Rule 12(b)(6) motion. Mr. Dickey has failed to allege any facts against the Mayor of Boston, Martin Walsh, and the ISD Commissioner William Christopher to establish the RICO claims. The only mention of Defendant Walsh and Christopher are overly broad statements not supported by any facts stating the defendants joined the conspiracy in 2014 and consented to receivership of the properties. Complaint ¶¶ 4, 55, 56, 57. The Plaintiff has stated no other casual connection to the Mayor, the Commissioner, and the claims to survive a 12(b)(6) motion.

As stated above, consent is an essential element of extortion. *Brock*, 501 F.3d at 770. The current Verified Complaint does not show any consent on the part of Mr. Dickey, rather it shows that ISD and other parties took unilateral action against him through condemnation and receivership. As a result the RICO claims must fail because the complaint does not make out a cognizable extortion claim under RICO. Likewise, Mr. Dickey's claims of mail fraud must fail because once again he has not included any factual support showing that any mailings contained any materially false information. *Neder v. United States*, 527 U.S. 1, 25 (1999). Paragraphs 86 and 91 refer only to "various orders" and "various motions" mailed by the Defendants as part of the ongoing Housing Court litigation. Paragraphs 43 through 59, where the Plaintiff states facts of the RICO claims, also fail to mention any specific mailing that were materially false. For these reasons, this Court should dismiss Claims Six and Seven because they lack sufficient facts to support the predicate offenses of a RICO claim.

Finally, Claims Six and Seven should be dismissed pursuant to Rule 12(b)(6) as Mr. Dickey lacks standing to allege a "pattern" as required by RICO. *See Kenda Corp.*, 329 F.3d at 233. Although the RICO claims allege schemes related to seven properties, the complaint indicates that Mr. Dickey only had an interest in one of them: 495-497 East Fourth Street. Complaint ¶¶ 43-59, 81-92. The complaint alleges that the Defendants "conspired to extort real property from the Plaintiff a*nd other property owners* in the City of Boston." (emphasis added). Complaint ¶¶ 43, 86, 91. Mr. Dickey does not have standing to bring RICO claims on behalf of "other property owners." "[A RICO] plaintiff only has standing if, and can only recover to the extent that, he [or she] has been injured in his [or her] business or property by the conduct constituting the violation."

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495-96 (1985). As a result, this Court should only consider the RICO claims related to 495-497 East Fourth Street. Claims Six and Seven therefore cannot stand because the statute requires a "pattern" of activity, and the Plaintiff only has standing to include one instance of alleged malfeasance.

V.     <u>This Court Should Dismiss the Complaint Because Plaintiff is a Vexatious Litigant</u>.

A review of Mr. Dickey's court filings shows that he has been fighting against the City of Boston's code enforcement actions since at least 2007. As his properties have been condemned and placed into receivership, he has made it clear that he is willing and able to continue filing new claims in Federal Court to delay or prevent legitimate code enforcement action in the Housing Court.

As described above, Mr. Dickey filed a Notice of Removal in June 2012 based on procedural due process claims under the receivership statute. This was an attempt to re-litigate an issue that had already been decided by the Housing Court, which had denied Mr. Dickey's motion to dismiss the receivership based on due process and improper allegations. Exhibit 5. This Court therefore remanded the case back to Housing Court without a hearing on August 7, 2012. Just 10 days later, Mr. Dickey filed another Notice of Removal in this Court. He then filed a Third-Party Complaint and Counterclaim which in part raise claims previously rejected by this Court. This court again remanded the action to Housing Court. The Housing Court Judge severed the case, sending the private claims to Superior Court. The Superior Court Judge then allowed City Defendant's Motion to Dismiss. Mr. Dickey appealed to the Appeals Court, the Supreme Judicial Court and the United States Supreme Court. All appeals were denied.

Faced with disappointment in all other courts, Mr. Dickey again makes the extraordinary accusation that a city attorney, the Mayor for the City of Boston, the ISD Commissioner, and two sitting Housing Court justices are engaged in a conspiracy against him. He makes these claims despite the fact that judges are obviously shielded from liability by judicial immunity, *Gildea v. Ellershaw*, 363 Mass. 800, 811 (1973), and despite the fact that his conspiracy theory has been rejected previously by this Court in *Dickey v. Kennedy*, 1:07-cv-11717-NMG, and *City of Boston Inspectional Services v. Dickey, et. al,* 1:12-cv-10797; Exhibit 9.

Based on the above, Mr. Dickey's Complaint should be dismissed because he is a vexatious litigant with no respect for the strains his repetitive and unnecessary litigation place upon the resources of the court system and the City of Boston. Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. *Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc.*, 64 F.3d 735, 737 (1st Cir.1995). The repetitive filing of groundless suits "unnecessarily consumes the court's limited resources." *Watson v. Justice of Boston Div. of Housing Court Dept.*, 458 Mass. 1025, 1027 (2011). Mr. Dickey must realize that this Verified Complaint, which is almost identical to his second Notice of Removal and Third-Party Complaint would be groundless where the Courts has previously rejected the same alleged conspiracy and the same due process arguments related to the receivership statute.

Courts have the inherent power to manage their own proceedings, control litigants, and impose sanctions for abuse of the judicial system. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). Courts have the power to dismiss complaints filed by vexatious litigants. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir.

1993) ("[W]hen a party … abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action"); *Boyajian v. Hart*, 312 Mass. 264, 266 (1942) ("Vexatious litigation may in itself become a ground for equitable relief").

For these reasons, this Court should exercise its power to dismiss the Verified Complaint.

**WHEREFORE**, the Defendants City of Boston, Edward Coburn, Martin Walsh, and William Christopher respectfully request that this Court dismiss all claims against them made in Plaintiff's Verified Complaint with prejudice.

DEFENDANT,
CITY OF BOSTON,
By his attorneys:

Eugene O'Flaherty
Corporation Counsel

/s/ Ashley K. Carvalho
Ashley K. Carvalho, BBO# 680032
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4034
Ashley.carvalho@boston.gov

Date: August 18, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, I filed this document through the Court's CM/ECF system and that paper copies will be sent to those identified as non-registered participants.

/s/ Ashley K. Carvalho
Ashley K. Carvalho

## 7.1 Certification

       I hereby certify that on July 13, 2016, Ashley K. Carvalho, Assistant Corporation Counsel for the City of Boston, attempted to conferred with the Plaintiff by telephone related to this Motion to Dismiss.

Date: August 18, 2016      /s/  Ashley K. Carvalho
                                  Ashley K. Carvalho