UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES DICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-10636-LTS |
| | ) | |
| CITY OF BOSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS TO DISMISS (DOCS. 29, 54, 57, 60)

December 19, 2016

SOROKIN, D.J.

For the reasons that follow, the Court ALLOWS the Motions to Dismiss filed by Defendants: (1) James J. Cotter (Doc. 29); (2) City of Boston, Edward Coburn, Mayor Martin Walsh, and William Christopher (hereinafter, "City Defendants"; Doc. 54); (3) Judges Marylou Muirhead and Jeffrey Winik of Boston Housing Court (hereinafter, "Judicial Defendants"; Doc. 57); and (4) Fred Starikov, Josh Fetterman, and Andrew Simpson (Doc. 60).

I.  THE COMPLAINT

On April 1, 2016, Plaintiff, who is *pro se*, initiated this action, and on June 20, 2016, he filed the instant First Amended Verified Complaint ("Complaint").[1]  See Docs. 1, 23. Essentially, Plaintiff challenges the constitutionality of Mass. Gen. Laws ch. 111, § 127I

---

[1] On the date he initiated this action, Plaintiff filed an "emergency ex parte motion" for a temporary restraining order or preliminary injunction to stop the foreclosure of his property.  Doc. 5.  The Court denied that motion without prejudice.  Doc. 7.

("Section 127I"), which sets forth the circumstances in which a court is either permitted or required to appoint a receiver for a property. Doc. 23 at 1.

Plaintiff alleges the following:[2] He is the owner of two buildings in Boston, one located at 495 East Fourth Street and the other located at 497 East Fourth Street (collectively, "the Properties"). Id. at 5. On May 27, 2008, the City of Boston ("City") issued an order to vacate the Properties.[3] Id. at 10.

On May 9, 2012, the City submitted a petition for receivership of the Properties to the Boston Housing Court. Id. A notice of the petition was delivered to Plaintiff's sister, "who never informed him of signing for a package on his behalf." Id. On the same date that the City submitted the petition, Edward Coburn, an attorney for the City, emailed Plaintiff to ask for access to the Properties to inspect them, but did not mention the petition. Id. Notice of the petition for receivership was never posted at the Properties, which were vacant when the City submitted it. Id. Section 127I does not require posting notice of a receivership petition on the property that is the subject of the receivership petition. Id.

At some point – the Complaint does not specify when – the Boston Housing Court granted the petition for receivership ex parte. Id.

On May 29, 2012, James Cotter seized the Properties and has since denied Plaintiff access to them. Id. at 11.

---

[2] In considering the Motions to Dismiss, the Court must accept the Complaint's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Saldivar v. Racine, 818 F.3d 14, 16 (1st Cir. 2016).

[3] Plaintiff, whom Defendants claim is a vexatious litigant, e.g., Doc. 54 at 2, filed suit in this Court challenging the order to vacate, but that case was dismissed with prejudice. Dickey v. Inspectional Services Dep't of the City of Boston, 2009 WL 2425957 (D. Mass. 2009).

On June 20, 2012, Plaintiff asked the Boston Housing Court to dismiss or stay the receivership petition due to insufficient service. Id. at 10. Judge Muirhead of the Boston Housing Court denied this request. Id.

In or around June 2014, Cotter "hired Steven and Katie Amaral to strip 497 East Fourth Street of copper piping, appliances, bath tubs, and doors," causing damage that Plaintiff estimates to be in excess of one-hundred thousand dollars. Id. at 11.

In or around May 2015, Cotter hired Andrew Simpson and Josh Fetterman, who are "employed and/or associated with Fred Starikov," to strip the roof off 497 East Fourth Street "for the purpose of leaving the building open and exposed to the elements," causing damage that Plaintiff estimates to be in excess of two-hundred thousand dollars. Id.

Plaintiff alleges that at three properties in the City which he does *not* own, the City filed petitions for receivership of those properties but did not post notice of the petitions on them Section 127I does not require notice to be posted on the property. Id. at 8-9.

Plaintiff alleges various Defendants – Coburn, Judge Muirhead, Cotter, Judge Winik, Mayor Walsh, William Christopher,[4] and two financial companies that have been terminated as defendants, see Doc. 22 – "conspired to extort real property from the Plaintiff and other property owners in the City of Boston." Doc. 23 at 12. According to Plaintiff, the conspiracy has nine constituent parts, which are as follows: (1) first, the City finds a building uninhabitable and issues an order to vacate; (2) then, Coburn (with the consent of Mayor Walsh and William Christopher) submits a Section 127I petition to Boston Housing Court asking the court to appoint a receiver of the building; (3) then, "[t]o ensure that the owners of the building [are] unaware of

---

[4] Christopher is the commissioner of the City's Inspectional Service Department. Doc. 23 at 6. The only specific factual allegation against Mayor Walsh and William Christopher is that they joined "the conspiracy" Plaintiff alleges in or around May 2014. Doc. 23 at 12.

3

the pending petition for receivership, the City . . . declare[s] that [it] was unable to locate the owner of the now-vacant building and . . . then submit[s] a motion to the Court requesting that notice be provided by publication"; (4) Judge Muirhead or Judge Winik "subsequently approve[s] the petition for receivership ex-parte"; (5) the property owner then becomes aware that the building is in receivership and "submits a motion to the Boston Housing Court requesting that the receivership be dismiss[ed] due to lack of notice"; (6) that motion is then denied by Judge Muirhead or Judge Winik; (7) the Receiver (here, Cotter) then submits to the Boston Housing Court a motion for authorization to sell the building in which he estimates the amount of money needed to repair the building and states that there are no funds to do so; (8) Judge Muirhead or Judge Winik then issues an order that the estimated amount of money be deposited with the court in fourteen days; and (9) after that amount of time passes without a deposit, the Court grants the Receiver authorization to sell the property and he does so, for his personal benefit, notwithstanding that Section 127I "require[s]" him to repair the building. Id. at 12-13. Plaintiff alleges that his properties, as well as various other properties in the City that he does not own, have been the target of this conspiracy. See id. at 12-21.

The Complaint contains seven counts. In Count One Plaintiff claims, under 42 U.S.C. § 1983, that the City Defendants, Judicial Defendants, and Cotter have all violated his rights under the Fourteenth Amendment's Due Process Clause by enforcing Section 127I, which Plaintiff alleges is unconstitutional because it fails to require posting notice of a petition for receivership on the property that is subject to the petition. Id. at 21-23; see also id. at 2. In Count Two, which names the same Defendants as Count One, Plaintiff asks the Court to declare that Section 127I "does not allow a court to implement a general receivership for a subject property, and further does not allow a court appointed receiver to sell the subject property." Id. at 24-25. In

Count Three, Plaintiff requests an injunction to prevent the City Defendants, Judicial Defendants, and Cotter from enforcing Section 127I because it is unconstitutional.  Id. at 25-27.  In Counts Four and Five, Plaintiff claims Cotter, the Amarals, Starikov, Simpson, and Fetterman caused damage, through gross negligence and/or deliberate destruction, to the Properties in excess of three-hundred thousand dollars.  Id. at 27-28.  In Counts Six and Seven, Plaintiff claims Cotter, the Judicial Defendants, and three of the City Defendants – Coburn, Mayor Walsh, and William Christopher – all violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c)-(d), by committing "extortion/attempted extortion" and mail fraud, through the "enterprise" of Boston Housing Court.  Id. at 28-32.

## II.     LEGAL STANDARD

To survive a motion to dismiss, a complaint "must provide fair notice to the defendants" and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Bruns v. Mayhew, 750 F.3d 61, 71 (1st Cir. 2014) (citation and internal quotation marks omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (citation and internal quotation marks omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citation omitted); see also id. at 679 (noting that a complaint must "permit the court to infer more than the mere possibility of misconduct") (citation omitted).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (citation omitted).

III.	COTTER'S MOTION

All claims against Cotter are dismissed, for two separate and independent reasons. First, as Cotter suggests, see Doc. 29 at 2-3, Plaintiff's claims against him are precluded by the doctrine of res judicata. "According to the doctrine of res judicata, a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action." Universal Ins. Co. v. Office of Ins. Comm'r, 755 F.3d 34, 37 (1st Cir. 2014) (citation omitted). "A federal court must give preclusive effect to a state-court judgment if the state court would." Id. (citation omitted). Under Massachusetts law, the term "res judicata" includes both claim preclusion and issue preclusion, and "three elements are required for claim preclusion: (1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits." RFF Family Partnership, LP v. Ross, 814 F.3d 520, 531-32 & n.7 (1st Cir. 2016) (citations, footnote, and internal quotation marks omitted). In this instance, two Massachusetts state courts have already considered Plaintiff's claims against Cotter in the instant case and rejected them because Cotter is immune from suit under Section 127I. Doc. 29-2 at 11; Dickey v. City of Boston Inspectional Services Dep't, 87 Mass. App. Ct. 1119 (2015) (unpublished decision).[5] Thus, all three elements for claim preclusion are satisfied.

In the alternative, even if res judicata does not apply, Cotter is immune from suit. All of Plaintiff's claims against Cotter concern actions he took in his capacity as receiver. According to Section 127I, (1) the "receiver shall in no instance be personally liable for actions or inactions within the scope of the receiver's capacity as receiver," and (2) "[n]o suit shall be brought

---

[5] Where a motion to dismiss is premised on a defense of res judicata, "the court may take into account the record in the original action." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).

6

against the receiver except as approved by the court which appointed the receiver," i.e., Boston Housing Court. Id. Plaintiff does not dispute Cotter's claim that he has not received approval from Boston Housing Court to sue Cotter. See Doc. 50 at 2. Rather, Plaintiff argues that, under Shapiro v. Goldman, 253 Mass. 60 (1925), he may sue a receiver "without the consent of the appointing court." Id. That case is inapposite because it deals with the ability to sue a receiver in bankruptcy and because it predates Section 127I, which was passed in 1966. Since Plaintiff has not received approval from Boston Housing Court to bring suit against Cotter, this case is dismissed against Cotter.[6]

IV.     THE CITY DEFENDANTS' MOTION

All claims against the City Defendants – i.e., the City, Coburn, Christopher, and Mayor Walsh – are dismissed, as the Counts against them – i.e., Counts One, Two, Three, Six, and Seven – are precluded by the doctrine of res judicata or, in the alternative, are inadequately pleaded.

The facts supporting the application of res judicata are as follows: In 2012, Plaintiff removed a state-court action to this Court and then filed a third-party complaint against the City (through its Inspectional Services Department), Coburn, Cotter, and Judges Muirhead and Winik. Case No. 1:12-cv-11527-JLT, Doc. 5. The first, second, third, sixth, and seventh counts of that complaint were nearly identical to Counts One, Two, Three, Six, and Seven in the instant

---

[6] Cotter asks the Court not only to dismiss this case but to award him fees and costs, and to enter an order prohibiting Plaintiff from filing any further actions against the Defendants named in this suit based on facts or claims "set forth herein, or substantially similar thereto, without prior judicial review and permission." Doc. 29 at 4. The Court denies, without prejudice, Cotter's request, as Plaintiff is pro se and claims to be unaware that res judicata is a basis for dismissing an action under Fed. R. Civ. P. 12(b)(6). Doc. 50 at 1. However, now that Plaintiff is aware of the applicability of res judicata, the Court warns him that filing a frivolous or vexatious case in the future will result in an order imposing fees, costs, and monetary sanctions and/or an order enjoining him from filing further proceedings in this Court. See Hughes v. McMenamon, 379 F. Supp. 2d 75, 81 (D. Mass. 2005).

7

Complaint. See id. at 15-19, 21-24. This Court ultimately found that it lacked jurisdiction to hear the case and remanded it to the state court for further proceedings. Case No. 1:12-cv-11527-JLT, Doc. 48. The Superior Court of Massachusetts eventually dismissed all of Plaintiff's claims, finding that (1) there was no basis for declaratory or injunctive relief with respect to Section 127I, because the Due Process Clause does not require posting notice of a pending action for receivership on the property that is subject to the action;[7] (2) Plaintiff had not sufficiently pleaded the predicate offenses underlying his RICO claims; and (3) Judges Winik and Muirhead had judicial immunity to the RICO claims. Doc. 56-10 at 8-14. Thus, all three elements of claim preclusion under Massachusetts law – identity or privity of the parties; identity of the causes of action; and prior final judgment on the merits – are satisfied.[8] See RFF Family Partnership, 814 F.3d at 531-32.

In the alternative, Counts One through Three of the Complaint are dismissed against all Defendants because, contrary to Plaintiff's suggestion, due process does not demand that notice of a petition for receivership be posted on a vacant property that is subject to the petition. Rather, due process merely requires "'notice reasonably calculated, under all the circumstances,

---

[7] The Court notes that, according to the Complaint itself, Judge Muirhead (of Boston Housing Court) also made a finding similar to the one the Superior Court made. See Doc. 23 at 10 (noting that, in 2012, Plaintiff moved to dismiss the receivership petition due to insufficient service, but Judge Muirhead denied the motion).

[8] Although Plaintiff did not name William Christopher and Mayor Walsh as defendants in his prior case, there is privity between them and the City, which Plaintiff *did* name in that case. See Cruz Berrios v. Gonzalez-Rosario, 630 F.3d 7, 14 (1st Cir. 2010) ("Traditionally, 'there is privity between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government.'") (quoting Sunshine Anthracity Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940)) (alterations and additional citation omitted). Under Massachusetts law, there is "no generally prevailing definition of privity which can be automatically applied to all cases"; the issue depends on whether a plaintiff's interest was represented in prior litigation and "whether there are special circumstances or due process considerations which make it unfair to bind the plaintiff[] to that judgment." Degiacomo v. City of Quincy, 476 Mass. 38 (2016) (citations and internal quotation marks omitted). The Court finds that Plaintiff's interests – specifically, in challenging Section 127I's constitutionality and in alleging that various City officers are part of an extortion or mail-fraud conspiracy under RICO – were adequately represented in his previous state-court action. The Court also finds that there are no special circumstances or due process considerations which make it unfair to bind Plaintiff to the judgment against him in that case. Thus, for purposes of res judicata, the Court finds privity between the City and William Christopher and Mayor Walsh.

to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections.'" In re Arch Wireless, Inc., 534 F.3d 76, 83 (1st Cir. 2008) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). According to the Complaint, the City apparently attempted to give Plaintiff notice of the receivership petition, but Plaintiff's sister, who signed for the package giving notice, failed to inform Plaintiff about it. Doc. 23 at 10. While that circumstance was unfortunate for Plaintiff, it was not the City's obligation to ensure he "receive[d] actual notice" of the receivership petition; rather, the City only needed to take steps "reasonably calculated to provide notice." Jones v. Flowers, 547 U.S. 220, 226 (2006) (citations and internal quotation marks omitted). Simply put, Plaintiff has not pleaded sufficient facts to state a plausible claim that the steps the City took to provide notice were not reasonably calculated to do so. See id.; Iqbal, 556 U.S. at 679.

  Counts Six and Seven, the civil RICO claims, are also dismissed because Plaintiff does not point to a single instance of extortion or mail fraud, the alleged predicate offenses that support the claims. See Mendez Internet Management Services, Inc. v. Banco Santander de Puerto Rico, 621 F.3d 10, 14 (1st Cir. 2010) (noting the requirement of a predicate offense to state a civil RICO claim). Plaintiff does not state an extortion claim because he does not allege facts showing that the City obtained his property "with his consent, induced by wrongful use of actual or threatened force, . . . or under color of official right." Id. at 15 (citation omitted). On the contrary, Plaintiff's Complaint makes it obvious that the City took his property without his consent. Plaintiff's "conclusory assertion" of extortion is inadequate to state a civil RICO claim. Id. (citation omitted). Plaintiff does not state a mail fraud claim either, for he does not "state with particularity the circumstances constituting fraud" or the "time, place and content of the alleged mail" communications "perpetrating that fraud." Hamilton v. Partners Healthcare Sys.,

9

Inc., __ F. Supp. 3d __, 2016 WL 3962810, at *12 (D. Mass. 2016) (citation and internal quotation marks omitted). For these reasons, Counts Six and Seven are dismissed against all Defendants.

V. THE JUDICIAL DEFENDANTS' MOTION

The Counts against Judge Muirhead and Judge Winik – i.e., Counts One, Two, Three, Six, and Seven – are precluded by the doctrine of res judicata and/or are otherwise inadequately pleaded. See supra Section IV.

In the alternative, this case is dismissed against Judges Muirhead and Winik because a "judge is absolutely immune from liability for [her] judicial acts," even if she is accused of deciding a matter "due to improper motives," unless the acts are "taken in complete absence of all jurisdiction." Guzman-Rivera v. Lucena-Zabala, 642 F.3d 92, 96, 99 (1st Cir. 2011) (citations and internal quotation marks omitted); Mireles v. Waco, 502 U.S. 9, 12 (1991) (citations omitted). The actions by Judges Muirhead and Winik that Plaintiff complains about are all judicial acts, and Plaintiff has not alleged sufficient facts to state a plausible claim that they acted in the complete absence of all jurisdiction. See Iqbal, 556 U.S. at 678-79. Thus, they are immune from suit.

VI. THE REMAINING DEFENDANTS

This case is dismissed against the remaining Defendants – i.e., Starikov, Simpson, Fetterman, and the Amarals – who are the subjects of Counts Four and Five, which allege negligent and deliberate destruction of the Properties. Those Defendants all allegedly performed work for Cotter in his capacity as Receiver. See Doc. 23 at 11. According to an order issued by

Judge Muirhead, under Section 127I, the Receiver and any of his "agents" are immune from suit "for actions taken within the scope of the receivership." Doc. 60-2 at 4;[9] see also Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute.") (citations omitted); Rundlett v. Oliver, 607 F.2d 495, 500 (1st Cir. 1979) ("[T]he federal courts are bound by the constructions placed upon state statutes by state courts absent extreme circumstances.") (citations omitted). Because they acted as the Receiver's agents, Starikov, Simpson, Fetterman, and the Amarals are all immune from suit.

In the alternative, even if those Defendants are not immune from suit, Plaintiff has not alleged sufficient facts to "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679. For example, it is not at all clear from reading the Complaint what negligent damage (Count Four) Cotter's agents caused when they stripped the copper piping and appliances from the Properties. Moreover, Plaintiff's claim of deliberate destruction (Count Five) is only supported by the bare allegation that Cotter's agents intentionally left the Properties "open and exposed to the elements." Doc. 23 at 11. The Court, drawing on its experience and common sense, finds that Plaintiff has not alleged sufficient facts to state a plausible claim that Cotter's agents caused either negligent or deliberate destruction. Thus, Counts Four and Five are dismissed.[10]

---

[9] The Court takes judicial notice of Judge Muirhead's order, and notes that Plaintiff does not dispute its authenticity. See Getty Petroleum Marketing, Inc. v. Capital Terminal Co., 391 F.3d 312, 320-21 (1st Cir. 2004).

[10] Although Steven and Katie Amaral have not responded to the Complaint or moved to dismiss, the Court *sua sponte* dismisses the Complaint against them because "it is patently obvious that the plaintiff cannot possibly prevail" against them, for the same reason he cannot prevail against Cotter's agents who *did* move to dismiss (i.e., Starikov, Simpson, and Fetterman). Rollins v. Wackenhut Servs., Inc. 703 F.3d 122, 127 (D.C. Cir. 2012) (citation and internal quotation marks omitted); see also Walsh v. JPMorgan Chase Bank, NA, 75 F. Supp. 3d 256, 259 n.2 (D.D.C. 2014).

VII.    CONCLUSION

For the foregoing reasons, the Court ALLOWS (1) Cotter's Motion (Doc. 29); (2) the City Defendants' Motion (Doc. 54); (3) the Judicial Defendants' Motion (Doc. 57); and (4) the Motion filed by Starikov, Fetterman, and Simpson (Doc. 60).  The Court DISMISSES this case in its entirety with prejudice, and **warns Plaintiff against filing frivolous or vexatious suits in the future**.  See supra n.6.  Any future complaint filed in the District of Massachusetts by Plaintiff shall state – in the same font, size, and format as the text of the complaint – the following:  "Previously, one session of this Court warned Plaintiff against filing frivolous or vexatious suits.  See Dickey v. City of Boston, 16-cv-10636-LTS."

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge